**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| FRIEDMAN IP HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SEIBERT WILLIAMS GLASS, LLC, COLUMBUS TRADING-PARTNERS USA INC. (dba CYBEX), and EVENFLO COMPANY, INC., <br><br> Defendants. | Civil Case No.: 1:23cv543 <br><br> JURY TRIAL DEMANDED |

## <u>COMPLAINT</u>

Now comes Plaintiff Friedman IP Holdings, LLC ("Friedman IP" or "Plaintiff") and for its Complaint against Defendants Seibert Williams Glass, LLC ("SWG"), Columbus Trading-Partners USA Inc. (doing business as CYBEX) ("Cybex"), and Evenflo Company, Inc. ("Evenflo") (collectively "Defendants") states as follows:

### NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2.      Plaintiff Friedman IP Holdings, LLC is a New York limited liability company with its principal place of business at 2220 Alton Street, Niskayuna, New York 12309.

3.      Friedman IP is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of U.S. Patent No. 10,710,545, entitled "Locking Harness," which issued on July 14, 2020, and which received a Reexamination Certificate 10,710,545 C1 in Application Number 90/014,627 confirming the issuance of Claim 20 on August 14, 2023 (the

"'545 Patent") (a true and correct copy is attached as **Exhibit A**); U.S. Patent No. 11,618,352, entitled "Locking Harness," which issued on April 4, 2023 (the "'352 Patent") (a true and correct copy is attached as **Exhibit B**); and U.S. Patent No. 11,738,667, entitled "Locking Harness," which issued on August 29, 2023 (the "'667 Patent") (a true and correct copy is attached as **Exhibit C**) (collectively, the "Asserted Patents").

4.      Friedman IP has the exclusive right to license and enforce the Asserted Patents and to collect all damages for infringement. Friedman IP also has standing to sue for any and all infringement of the Asserted Patents.

5.      Upon information and belief, Defendant Seibert Williams Glass, LLC is a domestic Ohio limited liability company with a principal place of business and a registered agent located at 6730 Fieldhouse Way, Cincinnati, Ohio 45227 (this address is incorrectly listed as 6370 Fieldhouse Way, Cincinnati, Ohio 45227 in the information provided on the website for the Ohio Secretary of State). Upon information and belief, SWG previously offered the SensorSafe$^{TM}$ chest clip under the brand name, Small Ones Safety, and advertised the SensorSafe$^{TM}$ chest clip on its website before stating in 2016 that "the SOS System is now part of Evenflo!" and redirecting to the Evenflo website at http://www.evenflo.com/sensorsafe. See http://web.archive.org/web/20160109171806/http://smallonessafety.com/.

6.      Upon information and belief, Defendant Columbus Trading-Partners USA Inc. (doing business as CYBEX) is a Delaware corporation with an active Ohio registration, a principal place of business at 225 Byers Road, Miamisburg, Ohio 45342, and a registered agent located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. According to its website, German company CYBEX merged with Chinese company Goodbaby International Holdings Limited ("Goodbaby") in 2014. Defendant Cybex offers car seats, baby carriers, kids' furniture, and

strollers. Specific to this Complaint, Defendant Cybex offers child car seats that include the SensorSafe™ chest clip. See https://www.cybex-online.com/en/us/sensorsafe-safety-kit_us.html.

7.      Upon information and belief, Defendant Evenflo Company, Inc. is a Delaware corporation with an active Ohio registration, a principal place of business at 225 Byers Road, Miamisburg, Ohio 45342, a place of business at 1801 Commerce Drive, Piqua, Ohio 45346, and a registered agent located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. Upon information and belief, Evenflo is a subsidiary or division of Cybex (or Goodbaby). Evenflo offers child car seats, strollers, travel systems, high-chairs, gates, and activity centers. Specific to this Complaint, Evenflo offers child car seats that include the SensorSafe™ chest clip. See https://www.evenflo.com/pages/sensorssafe-faq.

8.      As presently advised, Defendants Cybex and Evenflo manufacture (or have manufactured on their behalf), import, offer for sale, and/or sell the SensorSafe™ chest clip in the United States, including offers for sale and sales in this Judicial District. As presently advised, Defendant SWG manufactures (or has manufactured on its behalf), imports, offers for sale, and/or sells the SensorSafe™ chest clip in the United States, including in this Judicial District.

9.      As presently advised, Cybex and Evenflo are licensees of U.S. Patents owned by SWG and SWG maintains a partnership with Cybex and Evenflo for the continued manufacture and sale of the SensorSafe™ chest clip.

## JURISDICTION AND VENUE

10.      Friedman IP's claims for patent infringement of the Asserted Patents by Defendants arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., including 35 U.S.C. §§ 271 and 281. Consequently, this Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

23096104v1

11. Personal jurisdiction is proper in this Court with respect to each Defendant. SWG is organized under the laws of the State of Ohio and conducts and/or previously conducted business in this Judicial District (including through sales and offers for sale of the Accused Products in this Judicial District). Cybex maintains a principal place of business in this Judicial District and conducts business in this Judicial District (including through sales and offers for sale of the Accused Products in this Judicial District). Evenflo maintains a principal place of business in this Judicial District and conducts business in this Judicial District (including through sales and offers for sale of the Accused Products in this Judicial District).

12. Venue in this Judicial District is proper under 28 U.S.C. § 1400(b). Defendants SWG, Cybex, and Evenflo reside in this Judicial District as confirmed by their maintenance of physical principal places of business in this Judicial District.

13. Defendants maintain property in, conduct business in, and direct advertisements at residents in – specifically regarding the SensorSafe™ chest clip which is alleged to infringe claims of the Asserted Patents – this Judicial District.

**TIMELINE OF RELEVANT DEVELOPMENTS**

14. On February 10, 2010, Mark Friedman (inventor of the Asserted Patents and managing member of Friedman IP) filed patent Application No. 12/703,227 (the "'227 App"), the first in the family of patents to which the Asserted Patents claim priority.

15. On June 24, 2016, Mark Friedman sent a letter to Defendant Evenflo stating: "It has come to my attention that your Advanced Embrace car seat with SensorSafe technology is currently offered for sale on your website through retail partners at www.evenflo.com/sensorsafe. []. I would like to make you aware of my pending patent application … that specifically describes the Advanced Embrace car seat that Evenflo Company, Inc. is currently offering for sale. This patent application is a continuation application that is entitled to priority back to at least February

- 4 -

23096104v1

10, 2010, and is part of my patent portfolio that also includes related US Patent Nos. 8,851,575 and 8,333,433. At this stage, I am willing to discuss a potential licensing agreement with Evenflo Company, Inc. Please let me have your response by July 15, 2016. I look forward to hearing from you." (See **Exhibit D**).

16.     On July 14, 2016, Evenflo responded via email: "We received your letter…. It took some time for your letter to make its way to the Legal Department…. We need some additional time to review this matter." (See **Exhibit E**).

17.     Mark Friedman sent a follow-up email on July 15, 2016 and then again on August 15, 2016. (**Id.**).

18.     On August 25, 2016, John Glass (signed as "Co-Founder SWG Safety" – "Inventors of the Small Ones Safety System") sent a letter to Mark Friedman, stating: "I am aware of your recent correspondence with Evenflo regarding your first US Patent application Publication 2016/0107607, and your two US Patents 8,333,433 and 8,851,575. ***My company is the provider of the Sensorsafe technology.*** We do not believe there is any basis for considering your US Patents or your unexamined patent application. ***If you further need to address this matter, then please contact me directly.***" (See **Exhibit F**; emphases added).

19.     On September 15, 2016, Mark Friedman sent a follow-up email to Evenflo: "I am still awaiting a response…. Although, I received correspondence from John Glass dated August 25, 2016, I would like to point out that I did not reach out to SOS. Therefore, I request that Evenflo respond to this matter." (See **Exhibit E**). That same day, Friedman sent a response letter to John Glass: "I received your correspondence… I request that you provide additional information regarding your relationship with Evenflo with respect to the Sensorsafe technology. For example, what type of agreement do you have with Evenflo regarding sales of this technology and do you

- 5 -

still sell this product under the SOS name? Additionally, have you filed for Patent rights for this technology and what causes you to believe that there is no basis for considering my US Patents or filed Patent Application? As I didn't reach out to SOS in this matter, I am trying to understand why my correspondences with Evenflo have been responded to by SOS instead of Evenflo." (See **Exhibit G**).

20.     On September 20, 2016, Evenflo sent a reply email to Mark Friedman: "We passed along your initial correspondence to John Glass at SOS because Evenflo is a licensee of the technology from SOS. SOS is the appropriate party to respond to you." (See **Exhibit E**).

21.     On February 27, 2017, John Glass sent a letter to Mark Friedman: "You would want to be aware [of] the patent publications of Tang [US 7,642,907], Devereaux [US 6,357,091], Patterson [US 2005/0280297], Conaway [US 6,002,325], Lehr [US 7,466,221], Quinonez [US 2003/0122662], Miner [US 2009/0079557], Yazdgerdi [US 2003/0160689], and Kraljic [US 6,922,154]...." (See **Exhibit H**).

22.     Consistent with his obligations to the United States Patent Office ("USPTO") – Mark Friedman submitted an Information Disclosure Statement ("IDS") in all subsequent USPTO prosecutions disclosing each of the foregoing references identified by John Glass.[1]

23.     On February 12, 2019, Mark Friedman filed continuation Application No. 16/273,291 (the "'291 App") claiming priority to the original '227 App. The '291 App would later result in issuance of the Asserted '545 Patent on July 14, 2020. On the same day the '291 App was filed, Mark Friedman submitted an IDS disclosing the references identified by John Glass in his February 27, 2017 letter. (**Exhibit I**).

---

[1] Notably, the Conway reference had already been disclosed to the USPTO via IDS on December 30, 2015.

23096104v1

24.     On July 8, 2020, Mark Friedman filed continuation Application No. 16/946,833 (the "'833 App") claiming priority to the original '227 App. The '833 App would later result in issuance of the Asserted '352 Patent on April 4, 2023. On the same day the '833 App was filed, Mark Friedman submitted an IDS disclosing the references identified by John Glass in his February 27, 2017 letter. (**Exhibit J**).

25.     After the Asserted '545 Patent issued on July 14, 2020, counsel for Friedman IP sent a letter to John Glass on September 11, 2020. Therein, Friedman IP's counsel identified the earlier correspondence between Mark Friedman and John Glass, identified the newly issued Asserted '545 Patent, identified the IDS filings related thereto, and proposed to resume dialogue with John Glass/SWG as the "provider of the Sensorsafe technology." (See **Exhibit K**).

26.     On October 9, 2020, John Glass responded: "We have reviewed Mr. Friedman's recently-issued patents and their claims. However, we have no interest in or need for the technology covered by his patents for a harness apparatus with retainer apparatus that include a braking mechanism." (**Exhibit L**).

27.     On October 12, 2020, Friedman IP's counsel responded to John Glass with specific rebuttal to John Glass's contention regarding a "braking mechanism" and requested a conference. (**Id.**).

28.     On October 21, 2020, Friedman IP's counsel received an email from Dan Nesbitt, the patent prosecution counsel for Joseph Seibert/SWG. Nesbitt, the attorney of record for all known prosecution of the SWG Patents, stated that he represented Defendant SWG and requested a phone conference. (**Id.**).

29.     On October 30, 2020, counsel for Friedman IP and SWG had a teleconference during which SWG's counsel identified Welch (US 2007/0229243) as alleged invalidating prior

art to the Asserted '545 Patent. On November 2, 2020, Mark Friedman promptly submitted an IDS to the USPTO disclosing the Welch reference in the pending prosecution of the '833 App. (**Exhibit M**).

30.     On December 10, 2020, after failed discussions regarding resolution (including John Glass's statement that he would only consider resolution for a value less than the cost to reexamine the Asserted '545 Patent), Nesbitt filed with the USPTO a request for reexamination of the Asserted '545 Patent based on the Welch reference.

31.     On February 4, 2021, the USPTO ordered reexamination of the Asserted '545 Patent. Notably, the USPTO did not order reexamination based on the Welch reference but, rather, based on the already cited and considered Lehr reference.

32.     On March 3, 2021, Nesbitt filed a Petition to the Director requesting the USPTO consider Welch during reexamination.

33.     On April 7, 2022, the USPTO granted the Petition and ordered that reexamination include consideration of the Welch reference.

34.     On January 24, 2023, the USPTO filed a Notice of Allowance in the prosecution of the Asserted '352 Patent.

35.     On March 31, 2023, the USPTO issued an Order regarding reexamination of the Asserted '545 Patent. Specifically, the USPTO determined that Claim 20 was **_not_** invalid: "Thus, the device of Welch '243 activates an alarm when the harness is clipped, which is the opposite of the claim requirement." The USPTO further noted that the examiner had already considered Lehr during prosecution of the Asserted '545 Patent and that "none of the sections of Lehr … appear to show the missing limitation of 'a sensor that includes an alarm and that is contained in at least one of the two retainer portions of a retainer configured to be slidably attached to respective harness

23096104v1

straps of a car seat.'" The USPTO concluded that "Lehr does not raise [a substantial new question of patentability]."

36.     On March 31, 2023, Mark Friedman held an interview with the examiner regarding the reexamination proceeding and the examiner confirmed that Claim 20 was not rejected despite a typographical error in the cover sheet. The examiner further confirmed "that it would be proper to cancel rejected independent claim 17 and not amend dependent claim 20. See MPEP 2260.01."

37.     On February 2, 2023, Mark Friedman filed continuation Application No. 18/105,068 (the "'068 App") claiming priority to the original '227 App. The '068 App would later result in issuance of the Asserted '667 Patent on August 29, 2023. On the same day the '068 App was filed, Mark Friedman submitted an IDS disclosing the references identified by John Glass in his February 27, 2017 letter. (**Exhibit N**).

38.     On August 14, 2023, the USPTO issued a Reexamination Certificate. (**Exhibit A**, second to last page).

39.     On August 29, 2023, the USPTO issued the '667 Patent. (**Exhibit C**).

## THE ACCUSED PRODUCTS

40.     Defendants have infringed certain claims of the Asserted Patents through the manufacture, sale, offer for sale, importation, and/or use of the SensorSafe™ chest clip and/or Defendants' products incorporating the SensorSafe™ chest clip (herein referred to as the "Accused Products").

41.     As presently advised, the Accused Products include the following specific models of the SensorSafe™ chest clip: SOSR1; SS2; SOSR2; SOSR3; and S3. (See **Exhibit O**, all publicly available exhibits submitted by SWG to the FCC for these devices are available as follows: SOSR1 –

https://apps.fcc.gov/oetcf/eas/reports/ViewExhibitReport.cfm?mode=Exhibits&RequestTimeout

23096104v1

=500&calledFromFrame=N&application_id=bKlBGJ9MEUr5OfGQscBFXg%3D%3D&fcc_id=
2ABS2-SOSR1;                           SS2                                –
https://apps.fcc.gov/oetcf/eas/reports/ViewExhibitReport.cfm?mode=Exhibits&RequestTimeout
=500&calledFromFrame=N&application_id=ksED35g3ZZLHwyQWGzZebA%3D%3D&fcc_id
=2ABS2-SS2;                          SOSR2                                –
https://apps.fcc.gov/oetcf/eas/reports/ViewExhibitReport.cfm?mode=Exhibits&RequestTimeout
=500&calledFromFrame=N&application_id=U2qIjPaSOdw7fnk2ceeeIg%3D%3D&fcc_id=2AB
S2-SOSR2;                          SOSR3                                –
https://apps.fcc.gov/oetcf/eas/reports/ViewExhibitReport.cfm?mode=Exhibits&RequestTimeout
=500&calledFromFrame=N&application_id=J2eSSzd%2BoDK5vyLqUUolWQ%3D%3D&fcc_
id=2ABS2-SOSR3;                      and                      S3                –
https://apps.fcc.gov/oetcf/eas/reports/ViewExhibitReport.cfm?mode=Exhibits&RequestTimeout
=500&calledFromFrame=N&application_id=d9wJwSBqY1UEeg8Sq%2Bwpcg%3D%3D&fcc_i
d=2ABS2-S3).

FRONT VIEW OF EUT



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) External Photo).

REAR VIEW OF EUT



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) External Photo).

EUT UNCOVER VIEW



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) Internal Photos 01).

MAIN BOARD REAR VIEW



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) Internal Photos 02).

23096104v1

# Installation Manual
# and User Guide



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) User Manual, Cover).

- **Clip Only.** Choose this option if you unbuckle the chest clip and see the letters "S3" stamped on the tongue.



- **Clip & OBD Dongle.** Choose this option if the chest clip comes with an OBD vehicle dongle and has no letters stamped on the tongue.



**Dongle**

(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) User Manual, p. 5).

23096104v1

42.     As presently advised, the Accused Products further include the following models of car seat that include a SensorSafe™ chest clip and are offered by Defendant Cybex: Cloud Q with SensorSafe; Aton M with SensorSafe; Aton 2 with SensorSafe; Sirona S with SensorSafe; and Eternis S with SensorSafe. See https://www.cybex-online.com/en/us/sensorsafe-safety-kit_us.html. The Accused Products include any other Cybex model car seat (whether sold in the past, at present, or in the future) that include the SensorSafe™ chest clip.

43.     As presently advised, the Accused Products further include the following models of car seat that include a SensorSafe™ chest clip and are offered by Defendant Evenflo: Revolve360 Slim 2-in-1 Rotational Car Seat with SensorSafe (Item ## 36812451, 36812450, and 36812449); Revolve360 Extend All-in-One Rotational Car Seat with SensorSafe (Item ## 38412312, 38412310, 38412311, and 38412337); Shyft Travel System with SecureMax Infant Car Seat Incl SensorSafe (Item ## 53212312, 53212311, 53212310, and 53212337); Pivot Xpand Travel System with SecureMax Infant Car Seat Incl SensorSafe (Item ## 53112312, 53112310, 53112311, 53112336, and 53112337); All4One All-in-One Convertible Car Seat with SensorSafe (Item ## 39312409, 39312408, and 39312440); All4One DLX All-in-One Convertible Car Seat with SensorSafe (Item ## 39312234, 39312442COM, 39312240, and 39312441COM); Shyft Travel System with SecureMax Infant Car Seat Incl SensorSafe (Item # 53212336); and Evenflo Gold SensorSafe Pivot Xpand Smart Modular Travel System with SecureMax Infant Car Seat (Item ## 30412312, 30412336, 30412311, 30412310, and 30412337). See https://www.evenflo.com/search?type=product%2Cpage%2Carticle&q=sensorsafe. The Accused Products include any other Evenflo model car seat (whether sold in the past, at present, or in the future) that include the SensorSafe™ chest clip.

44. The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that satisfy each limitation of, and therefore infringe, any asserted claim of the Asserted Patents.

45. After adequate discovery, Friedman IP may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

## INFRINGEMENT BY DEFENDANTS

## COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 10,710,545

46. Plaintiff Friedman IP realleges and incorporates by reference paragraphs 1 through 45, inclusive, as though fully set forth herein.

47. Defendants directly infringe at least independent (reexamined) Claim 20 of the Asserted '545 Patent.

## REEXAMINED CLAIM 20

48. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a retainer apparatus in accordance with the limitations of Claim 20 of the Asserted '545 Patent.

49. Specifically, the Accused Products comprise:

   a. a first retainer portion configured to be slidably attached to a first adjustable harness strap of a car seat;

   b. a second retainer portion configured to be slidably attached to a second adjustable harness strap of the car seat, wherein the first retainer portion is removably attached to said second retainer portion;

   c. a sensor comprising a motion detector and an alarm, wherein said motion detector is configured to detect movement of said retainer apparatus, wherein

- 15 -

said motion detector is configured to activate said alarm to alert a user in said vehicle if said movement of said retainer apparatus is detected, and wherein said sensor is contained within at least one of said first retainer portion and said second retainer portion; and

d.   wherein said movement comprises said first retainer portion being disconnected from said second retainer portion.

50.   To the extent required by law, Friedman IP has complied with the provisions of 35 U.S.C. § 287.

51.   As presently advised, Defendants had notice of the Asserted '545 Patent and the likelihood of infringement thereof at least as early as its issuance on July 14, 2020.

52.   Defendant's infringement as described above, either literally or under the doctrine of equivalents, has injured Friedman IP and Friedman IP is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

53.   To the extent that Defendant SWG no longer makes, has made, sells, offers for sale, imports, and/or uses the Accused Products, SWG indirectly infringes the apparatus claims of the Asserted '545 Patent by inducing Defendants Evenflo and Cybex to infringe with knowledge of the Asserted '545 Patent and the likelihood of infringement by the Accused Products.

54.   Defendants willfully infringed and continue to infringe the claims of the Asserted '545 Patent, as evidenced by, *inter alia*, Defendants' conduct – specifically, Mr. Glass's communications and reexamination efforts of the Asserted '545 Patent. Plaintiff intends to seek prompt discovery regarding Defendants' knowledge of the Asserted Patents (including communications with third parties).

**COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 11,618,352**

55.     Plaintiff Friedman IP realleges and incorporates by reference paragraphs 1 through 45, inclusive, as though fully set forth herein.

56.     Defendants directly infringe at least independent Claims 1 and 17 of the Asserted '352 Patent and indirectly infringe at least independent Claim 19 of the Asserted '352 Patent.

**CLAIM 1**

57.     The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a retainer apparatus in accordance with the limitations of Claim 1 of the Asserted '352 Patent.

58.     Specifically, the Accused Products comprise:

a.     a first retainer portion configured to be slidably attached to a first adjustable harness strap of a car seat;

b.     a second retainer portion configured to be slidably attached to a second adjustable harness strap of the car seat, wherein said first retainer portion is directly and removably attached to said second retainer portion;

c.     a wireless transceiver physically contained within at least one of said first retainer portion and said second retainer portion; and

d.     a sensor physically contained within at least one of said first retainer portion and said second retainer portion, wherein said sensor is configured to detect said first retainer portion being disconnected from said second retainer portion, and generate a warning signal indicating said first retainer portion being disconnected from said second retainer portion, and wherein said wireless transceiver is configured to wirelessly transmit said warning signal to a controller in a vehicle to activate an audible warning alert to warn a user in said

- 17 -

vehicle of said first retainer portion being disconnected from said second retainer portion.

59. As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 2-16 of the Asserted '352 Patent.

**CLAIM 17**

60. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a retainer apparatus in accordance with the limitations of Claim 17 of the Asserted '352 Patent.

61. Specifically, the Accused Products comprise:

  a.    a first retainer portion removably attached to a second retainer portion, wherein said first retainer portion is configured to be slidably attached to a first adjustable harness strap of a car seat, and wherein said second retainer portion is configured to be slidably attached to a second adjustable harness strap of the car seat;

  b.    a wireless transceiver physically contained within at least one of said first retainer portion and said second retainer portion; and

  c.    a sensor physically contained within at least one of said first retainer portion and said second retainer portion, wherein said sensor is configured to detect said first retainer portion being disconnected from said second retainer portion and generate a warning signal indicating said first retainer portion being disconnected from said second retainer portion, wherein said wireless transceiver is configured to wirelessly transmit said warning signal to a controller in a vehicle to activate an audible warning alert to warn a user in said

23096104v1

vehicle of said first retainer portion being disconnected from said second retainer portion.

62.     As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claim 18 of the Asserted '352 Patent.

## CLAIM 19

63.     The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a method in accordance with the limitations of Claim 19 of the Asserted '352 Patent.

64.     Specifically, the Accused Products comprise:

a.     removably attaching a first retainer portion, slidably attached to a first adjustable harness strap of a car seat, to a second retainer portion slidably attached to a second adjustable harness strap of the car seat, wherein said first retainer portion and said second retainer portion are comprised by a retainer apparatus;

b.     detecting, by a sensor physically contained within at least one of said first retainer portion and said second retainer portion, said first retainer portion being disconnected from said second retainer portion;

c.     generating, by said sensor, a warning signal indicating said first retainer portion being disconnected from said second retainer portion; and

d.     wirelessly transmitting, by a wireless transceiver physically contained within a surface of at least one of said first retainer portion and said second retainer portion, said warning signal to a controller in a vehicle to activate an audible warning alert to warn a user in said vehicle of said first retainer portion being disconnected from said second retainer portion.

65.     To the extent required by law, Friedman IP has complied with the provisions of 35 U.S.C. § 287.

66.     As presently advised, Defendants had notice of the Asserted '352 Patent and the likelihood of infringement thereof at least as early as its issuance on April 4, 2023.

67.     Defendants indirectly infringed (through inducement and contributory infringement), and continue to infringe, Claim 19 of the Asserted '352 Patent by: (a) inducing third parties to follow the steps of the method set forth in Claim 19 with specific instructions for use of the SensorSafe™ chest clip and car seats incorporating the same; and (b) making (and/or having made), selling, offering to sell, and/or importing the SensorSafe™ chest clip, which is designed by its ordinary operation to infringe Claim 19 of the '352 Patent.

68.     Defendant's direct and indirect infringement as described above, either literally or under the doctrine of equivalents, has injured Friedman IP and Friedman IP is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

69.     To the extent that Defendant SWG no longer makes, has made, sells, offers for sale, imports, and/or uses the Accused Products, SWG indirectly infringes the apparatus claims of the Asserted '352 Patent by inducing Defendants Evenflo and Cybex to infringe with knowledge of the '352 Patent and the likelihood of infringement by the Accused Products.

70.     Defendants willfully infringed and continue to infringe the claims of the Asserted '352 Patent, as evidenced by, *inter alia*, Defendants' conduct – specifically, Mr. Glass's communications and reexamination efforts of the Asserted '545 Patent. Plaintiff intends to seek prompt discovery regarding Defendants' knowledge of the Asserted Patents (including communications with third parties).

**COUNT III: INFRINGEMENT OF UNITED STATES PATENT NO. 11,738,667**

71.     Plaintiff Friedman IP realleges and incorporates by reference paragraphs 1 through 45, inclusive, as though fully set forth herein.

72.     Defendants directly infringe at least independent Claims 1 and 16 of the Asserted '667 Patent and indirectly infringe at least independent Claim 20 of the Asserted '667 Patent.

## CLAIM 1

73.     The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a retainer apparatus in accordance with the limitations of Claim 1 of the Asserted '667 Patent.

74.     Specifically, the Accused Products comprise:

a.      a first retainer portion configured to be slidably attached to a first adjustable harness strap of a car seat;

b.      a second retainer portion configured to be slidably attached to a second adjustable harness strap of the car seat, wherein said first retainer portion is directly and removably attached to said second retainer portion;

c.      a wireless transceiver physically contained within at least one of said first retainer portion and said second retainer portion; and

d.      a sensor comprising a first sensor portion physically contained within said first retainer portion and a second sensor portion physically contained within said second retainer portion, wherein said sensor is configured to detect said first retainer portion being disconnected from said second retainer portion and generate a warning signal indicating said first retainer portion being disconnected from said second retainer portion, and wherein said wireless transceiver is configured to wirelessly transmit said warning signal to a

- 21 -

controller in a vehicle to activate an audible warning alert to warn a user in said vehicle of said first retainer portion being disconnected from said second retainer portion.

75.     As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 2, and 5-15 of the Asserted '667 Patent.

## CLAIM 16

76.     The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a retainer apparatus in accordance with the limitations of Claim 16 of the Asserted '667 Patent.

77.     Specifically, the Accused Products comprise:

a.     a first retainer portion removably attached to a second retainer portion, wherein said first retainer portion is configured to be slidably attached to a first adjustable harness strap of a car seat, and wherein said second retainer portion is configured to be slidably attached to a second adjustable harness strap of the car seat;

b.     a wireless transceiver contained within at least one of said first retainer portion and said second retainer portion; and

c.     a sensor comprising a first sensor portion physically contained within said first retainer portion and a second sensor portion physically contained within said second retainer portion, wherein said sensor is configured to detect said first retainer portion being disconnected from said second retainer portion and generate a warning signal indicating said first retainer portion being disconnected from said second retainer portion, wherein said wireless transceiver is configured to wirelessly transmit said warning signal to a

controller in a vehicle to activate an audible warning alert to warn a user in said vehicle of said first retainer portion being disconnected from said second retainer portion.

78.     As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 17-19 of the Asserted '667 Patent.

**CLAIM 20**

79.     The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a method in accordance with the limitations of Claim 20 of the Asserted '667 Patent.

80.     Specifically, the Accused Products comprise:

a.      removably attaching a first retainer portion, slidably attached to a first adjustable harness strap of a car seat, to a second retainer portion slidably attached to a second adjustable harness strap of the car seat, wherein said first retainer portion and said second retainer portion are comprised by a retainer apparatus;

b.      detecting, by a sensor comprising a first sensor portion physically contained within said first retainer portion and a second sensor portion physically contained within said second retainer portion, said first retainer portion being disconnected from said second retainer portion;

c.      generating, by said sensor, a warning signal indicating said first retainer portion being disconnected from said second retainer portion; and

d.      wirelessly transmitting, by a wireless transceiver within a surface of at least one of said first retainer portion and said second retainer portion, said warning signal to a controller in a vehicle to activate an audible warning alert to warn a

- 23 -

user in said vehicle of said first retainer portion being disconnected from said second retainer portion.

81.    To the extent required by law, Friedman IP has complied with the provisions of 35 U.S.C. § 287.

82.    Defendants received notice of the Asserted '667 Patent and the likelihood of infringement thereof at least as early as the filing of this suit.

83.    Defendants indirectly infringed (through inducement and contributory infringement), and continue to infringe, Claim 20 of the Asserted '667 Patent by: (a) inducing third parties to follow the steps of the method set forth in Claim 20 with specific instructions for use of the SensorSafe$^{TM}$ chest clip and car seats incorporating the same; and (b) making (and/or having made), selling, offering to sell, and/or importing the SensorSafe$^{TM}$ chest clip, which is designed by its ordinary operation to infringe Claim 20 of the '667 Patent.

84.    Defendants' direct and indirect infringement as described above, either literally or under the doctrine of equivalents, has injured Friedman IP and Friedman IP is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

85.    To the extent that Defendant SWG no longer makes, has made, sells, offers for sale, imports, and/or uses the Accused Products, SWG indirectly infringes the apparatus claims of the Asserted '667 Patent by inducing Defendants Evenflo and Cybex to infringe with knowledge of the '667 Patent and the likelihood of infringement by the Accused Products.

86.    Defendants willfully infringed and continue to infringe the claims of the Asserted '667 Patent, as evidenced by, *inter alia*, Defendants' conduct – specifically, Mr. Glass's communications and reexamination efforts of the Asserted '545 Patent. Plaintiff intends to seek

- 24 -

prompt discovery regarding Defendants' knowledge of the Asserted Patents (including communications with third parties).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Friedman IP Holdings, LLC respectfully requests this Court to enter judgment, *jointly and severally*, against Defendants Seibert Williams Glass, LLC, Columbus Trading-Partners USA Inc., doing business as CYBEX, and Evenflo Company, Inc., – and against each of their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them – granting the following relief:

A.  The entry of judgment in favor of Plaintiff and against Defendants that the Asserted Patents are valid and infringed by Defendants;

B.  An award of damages against Defendants adequate to compensate Plaintiff for the infringement that occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began;

C.  Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

23096104v1

Dated: August 29, 2023

*Pro Hac Vice* Motions Forthcoming

Timothy J. Haller
Haller Law PLLC
230 East Delaware Place, Suite 5E
Chicago, IL 60611
Telephone: (630) 336-4283
Email: haller@haller-iplaw.com

Gabriel I. Opatken
Noble IP LLC
4151 West School Street, Apartment 2
Chicago, IL 60641
Telephone: (773) 648-5433
Email: gabriel@nobleipllc.com

Respectfully submitted,

/s/ Justin J. Joyce
Justin J. Joyce (Ohio Bar No. 0090683)
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, OH 45202
Telephone: (513) 369-4232
Fax: (513) 421-0991
Email: jjoyce@porterwright.com

Jared M. Klaus (Ohio Bar No. 0087780)
Porter Wright Morris & Arthur LLP
41 South High Street, Suites 2800 – 3200
Columbus, OH 43215
Telephone: (614) 227-2076
Fax: (614) 227-2100
Email: jklaus@porterwright.com

***Trial Attorney for Plaintiff,***
***Friedman IP Holdings, LLC***

## JURY DEMAND

Under Fed. R. Civ. P. 38, Plaintiff demands a trial by jury.

Respectfully submitted,

/s/ Justin J. Joyce
Justin J. Joyce (0090683)
Porter Wright Morris & Arthur LLP
250 East Fifth Street, Suite 2200
Cincinnati, OH 45202
Telephone: (513) 369-4232
Fax: (513) 421-0991
Email: jjoyce@porterwright.com

23096104v1