**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| **FRIEDMAN IP HOLDINGS, LLC,** | |
| Plaintiff, | Civil Case No.: 1:23cv543-DRC |
| v. | Hon. Douglas R. Cole |
| **SEIBERT WILLIAMS GLASS, LLC, COLUMBUS TRADING-PARTNERS USA INC. (dba CYBEX), and EVENFLO COMPANY, INC.,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COLUMBUS TRADING-PARTNERS USA INC. AND EVENFLO COMPANY, INC. ANSWER TO FIRST AMENDED COMPLAINT, COUNTERCLAIMS, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendants Columbus Trading-Partners USA Inc. ("Columbus") and Evenflo Company, Inc. ("Evenflo") hereby answer the First Amended Complaint of Friedman IP Holdings, LLC ("Friedman").

### NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:**
Columbus and Evenflo admit that the First Amended Complaint alleges a claim for infringement but deny any such infringement has occurred.

## **THE PARTIES**

2.      Plaintiff Friedman IP Holdings, LLC is a New York limited liability company with its principal place of business at 2220 Alton Street, Niskayuna, New York 12309.

**ANSWER:**

Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the First Amended Complaint and therefore deny them.

3.      Friedman IP is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of U.S. Patent No. 10,710,545, entitled "Locking Harness," which issued on July 14, 2020, and which received a Reexamination Certificate 10,710,545 C1 in Application Number 90/014,627 confirming the issuance of Claim 20 on August 14, 2023 (the "'545 Patent") (a true and correct copy is attached as **Exhibit A**); U.S. Patent No. 11,618,352, entitled "Locking Harness," which issued on April 4, 2023 (the "'352 Patent") (a true and correct copy is attached as **Exhibit B**); and U.S. Patent No. 11,738,667, entitled "Locking Harness," which issued on August 29, 2023 (the "'667 Patent") (a true and correct copy is attached as **Exhibit C**) (collectively, the "Asserted Patents").

**ANSWER:**

Columbus and Evenflo admit that Exhibit A purports to be a copy of U.S. Patent No. 10,710,545 B2, which is titled "Locking Harness" and issued on July 14, 2020, and the accompanying Ex Parte Reexamination Certificate 10,710,545 C1, which issued August 14, 2023. Columbus and Evenflo admit that Exhibit B purports to be a copy of U.S. Patent No. 11,618,352 B2, which is titled "Locking Harness" and issued on April 4, 2023. Columbus and

Evenflo admit that Exhibit C purports to be a copy of U.S. Patent No. 11,738,667 B2, which is titled "Locking Harness" and issued on August 29, 2023. To the extent paragraph 3 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

4.      Friedman IP has the exclusive right to license and enforce the Asserted Patents and to collect all damages for infringement. Friedman IP also has standing to sue for any and all infringement of the Asserted Patents.

**ANSWER:**

Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the First Amended Complaint and therefore deny them.

5.      Upon information and belief, Defendant Seibert Williams Glass, LLC is a domestic Ohio limited liability company with a principal place of business and a registered agent located at 6730 Fieldhouse Way, Cincinnati, Ohio 45227 (this address is incorrectly listed as 6370 Fieldhouse Way, Cincinnati, Ohio 45227 in the information provided on the website for the Ohio Secretary of State). Upon information and belief, SWG previously offered the SensorSafe™ chest clip under the brand name, Small Ones Safety, and advertised the SensorSafe™ chest clip on its website before stating in 2016 that "the SOS System is now part of Evenflo!" and redirecting to the Evenflo website at http://www.evenflo.com/sensorsafe. See http://web.archive.org/web/20160109171806/http://smallonessafety.com/.

**ANSWER:**

Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the First Amended Complaint and therefore deny them.

6.      Upon information and belief, Defendant Columbus Trading-Partners USA Inc. (doing business as CYBEX) is a Delaware corporation with an active Ohio registration, a principal place of business at 225 Byers Road, Miamisburg, Ohio 45342, and a registered agent located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. According to its website, German company CYBEX merged with Chinese company Goodbaby International Holdings Limited ("Goodbaby") in 2014. Defendant Cybex offers car seats, baby carriers, kids' furniture, and strollers. Specific to this Complaint, Defendant Cybex offers child car seats that include the SensorSafe™ chest clip. See https://www.cybex-online.com/en/us/sensorsafe-safety-kit_us.html.

**ANSWER:**

Columbus admits it is a Delaware corporation with a principal place of business at 560 Harrison Ave, Boston, MA 02118. Columbus admits its registered agent is located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. Columbus denies it is doing business as CYBEX. Columbus denies German company CYBEX merged with Goodbaby International Holdings Limited. Columbus denies allegations regarding CYBEX as irrelevant, since CYBEX is not a named party.

7.      Upon information and belief, Defendant Evenflo Company, Inc. is a Delaware corporation with an active Ohio registration, a principal place of business at 225 Byers Road,

Miamisburg, Ohio 45342, a place of business at 1801 Commerce Drive, Piqua, Ohio 45346, and a registered agent located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. Upon information and belief, Evenflo is a subsidiary or division of Cybex (or Goodbaby). Evenflo offers child car seats, strollers, travel systems, high-chairs, gates, and activity centers. Specific to this Complaint, Evenflo offers child car seats that include the SensorSafe™ chest clip. See https://www.evenflo.com/pages/sensorssafe-faq.

**ANSWER:**

Evenflo admits it is a Delaware corporation with a principal place of business at 225 Byers Road, Miamisburg, Ohio 45342. Evenflo admits it has a place of business at 1801 Commerce Drive, Piqua, Ohio 45346, and its registered agent is located at 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219. Evenflo admits it is an indirect subsidiary of Goodbaby International Holdings Limited. Evenflo admits it offers child car seats that include the SensorSafe™ chest clip, strollers, travel systems, high-chairs, gates, and activity centers.

8. As presently advised, Defendants Cybex and Evenflo manufacture (or have manufactured on their behalf), import, offer for sale, and/or sell the SensorSafe™ chest clip in the United States, including offers for sale and sales in this Judicial District. As presently advised, Defendant SWG manufactures (or has manufactured on its behalf), imports, offers for sale, and/or sells the SensorSafe™ chest clip in the United States, including in this Judicial District.

**ANSWER:**

Columbus and Evenflo admit they manufacture (or have manufactured on their behalf), import, offer for sale, and/or sell the SensorSafe™ chest clip in the United States, including offer

for sale and sales in this Judicial District. Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the First Amended Complaint and therefore deny them.

9.      As presently advised, Cybex and Evenflo are licensees of U.S. Patents owned by SWG and SWG maintains a partnership with Cybex and Evenflo for the continued manufacture and sale of the SensorSafe™ chest clip.

**ANSWER:**

Evenflo admits it is a licensee of U.S. Patents owned by SWG. Columbus admits it is an indirect licensee of U.S. Patents owned by SWG. Columbus and Evenflo deny they maintain a partnership with SWG for the continued manufacture and sale of the SensorSafe™ chest clip.

## JURISDICTION AND VENUE

10.      Friedman IP's claims for patent infringement of the Asserted Patents by Defendants arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., including 35 U.S.C. §§ 271 and 281. Consequently, this Court has original and exclusive subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**

Columbus and Evenflo admit the First Amended Complaint alleges claims for infringement arising under the patent laws of the United States and that this Court has original and exclusive subject matter jurisdiction over the First Amended Complaint. Columbus and Evenflo deny any such infringement has occurred.

11.     Personal jurisdiction is proper in this Court with respect to each Defendant. SWG is organized under the laws of the State of Ohio and conducts and/or previously conducted business in this Judicial District (including through sales and offers for sale of the Accused Products in this Judicial District). Cybex maintains a principal place of business in this Judicial District and conducts business in this Judicial District (including through sales and offers for sale of the Accused Products in this Judicial District). Evenflo maintains a principal place of business in this Judicial District and conducts business in this Judicial District (including through sales and offers for sale of the Accused Products in this Judicial District).

**ANSWER:**

Columbus and Evenflo admit that they are subject to personal jurisdiction in this District. Columbus denies its principal place of business is in this Judicial District. Columbus admits it conducts business in this Judicial District. Evenflo admits it maintains a principal place of business and conducts business in this Judicial District. To the extent paragraph 11 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

12.     Venue in this Judicial District is proper under 28 U.S.C. § 1400(b). Defendants SWG, Cybex, and Evenflo reside in this Judicial District as confirmed by their maintenance of physical principal places of business in this Judicial District.

**<u>ANSWER</u>:**

Columbus and Evenflo admit that venue is proper and that Evenflo resides in this Judicial District. To the extent paragraph 28 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

13.     Defendants maintain property in, conduct business in, and direct advertisements at residents in – specifically regarding the SensorSafe™ chest clip which is alleged to infringe claims of the Asserted Patents – this Judicial District.

**<u>ANSWER</u>:**

Columbus and Evenflo admit they maintain property in, conduct business in and advertise the SensorSafe™ chest clip at residents in this Judicial District. Columbus and Evenflo deny any assertion or suggestion that the SensorSafe™ chest clip infringes claims of the Asserted Patents. To the extent paragraph 13 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

## TIMELINE OF RELEVANT DEVELOPMENTS

14.     On February 10, 2010, Mark Friedman (inventor of the Asserted Patents and managing member of Friedman IP) filed patent Application No. 12/703,227 (the "'227 App"), the first in the family of patents to which the Asserted Patents claim priority.

**ANSWER:**

Columbus and Evenflo admit that U.S. Patent and Trademark Office ("USPTO") records indicate that Mark Friedman filed Application No. 12/703,227 on February 10, 2010. To the extent paragraph 14 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

15.     On June 24, 2016, Mark Friedman sent a letter to Defendant Evenflo stating: "It has come to my attention that your Advanced Embrace car seat with SensorSafe technology is currently offered for sale on your website through retail partners at www.evenflo.com/sensorsafe. []. I would like to make you aware of my pending patent application … that specifically describes the Advanced Embrace car seat that Evenflo Company, Inc. is currently offering for sale. This patent application is a continuation application that is entitled to priority back to at least February 10, 2010, and is part of my patent portfolio that also includes related US Patent Nos. 8,851,575 and 8,333,433. At this stage, I am willing to discuss a potential licensing agreement with Evenflo Company, Inc. Please let me have your response by July 15, 2016. I look forward to hearing from you." (See **Exhibit D**).

**ANSWER:**

Columbus and Evenflo admit Exhibit D to the First Amended Complaint purports to be a letter from Mark J. Friedman addressed to Evenflo Company, Inc. dated June 24, 2016. Columbus and Evenflo admit Exhibit D states: "It has come to my attention that your Advanced Embrace car seat with SensorSafe technology is currently offered for sale on your website through retail partners at www.evenflo.com/sensorsafe/. *See* Exhibit A. I would like to make you aware of my pending patent application (U.S. Patent Application Publication No. 2016/0107607A1, enclosed herewith) that specifically describes the Advanced Embrace car seat that Evenflo Company Inc. is currently offering for sale. This patent application is a continuation application that is entitled to priority back to at least February 10, 2010, and is part of my patent portfolio that also includes related US Patent Nos. 8,851,575 and 8,333,433. At this stage, I am willing to discuss a potential licensing agreement with Evenflo Company Inc. Please let me have your response by July 15, 2016. I look forward to hearing from you."

16.     On July 14, 2016, Evenflo responded via email: "We received your letter…. It took some time for your letter to make its way to the Legal Department…. We need some additional time to review this matter." (See **Exhibit E**).

**ANSWER:**

Columbus and Evenflo admit Exhibit E to the First Amended Complaint purports to be an email chain containing a July 14, 2016 email from Tony Bruzzese of Evenflo to Mark Friedman. Columbus and Evenflo admit Exhibit E states: "We received your letter dated June 24, 2016 regarding your pending patent application. It took sometime for your letter to make its way to the

10

Legal Department – it only arrived in our mailbox this week. We need some additional time to review this matter and will get back to you as soon as we can."

17.     Mark Friedman sent a follow-up email on July 15, 2016 and then again on August 15, 2016. (**Id.**).

**ANSWER:**

Columbus and Evenflo admit Exhibit E to the First Amended Complaint purports to be an email chain containing a July 15, 2016 email from Mark Friedman to Tony Bruzzese of Evenflo and an August 15, 2016 email from Mark Friedman to Tony Bruzzese of Evenflo.

18.     On August 25, 2016, John Glass (signed as "Co-Founder SWG Safety" – "Inventors of the Small Ones Safety System") sent a letter to Mark Friedman, stating: "I am aware of your recent correspondence with Evenflo regarding your first US Patent application Publication 2016/0107607, and your two US Patents 8,333,433 and 8,851,575. *My company is the provider of the Sensorsafe technology*. We do not believe there is any basis for considering your US Patents or your unexamined patent application. *If you further need to address this matter, then please contact me directly*." (See **Exhibit F**; emphases added).

**ANSWER:**

Columbus and Evenflo admit Exhibit F purports to be a letter from John Glass to Mark J. Friedman dated August 25, 2016. Columbus and Evenflo admit Exhibit F states: "I am aware of your recent correspondence with Evenflo regarding your US Patent application Publication 2016/0107607, and your two US Patents 8,333,433 and 8,851,575. My company is the provider

of the Sensorsafe technology. We do not believe there is any basis for considering your US Patents or your unexamined patent application. If you further need to address this matter, then please contact me directly."

19.     On September 15, 2016, Mark Friedman sent a follow-up email to Evenflo: "I am still awaiting a response…. Although, I received correspondence from John Glass dated August 25, 2016, I would like to point out that I did not reach out to SOS. Therefore, I request that Evenflo respond to this matter." (See **Exhibit E**). That same day, Friedman sent a response letter to John Glass: "I received your correspondence… I request that you provide additional information regarding your relationship with Evenflo with respect to the Sensorsafe technology. For example, what type of agreement do you have with Evenflo regarding sales of this technology and do you still sell this product under the SOS name? Additionally, have you filed for Patent rights for this technology and what causes you to believe that there is no basis for considering my US Patents or filed Patent Application? As I didn't reach out to SOS in this matter, I am trying to understand why my correspondences with Evenflo have been responded to by SOS instead of Evenflo." (See **Exhibit G**).

**ANSWER:**
    Columbus and Evenflo admit Exhibit E purports to be an email chain containing a September 15, 2016 email from Mark Friedman to Tony Bruzzese of Evenflo. Columbus and Evenflo admit Exhibit E states: "I am still awaiting a response regarding your review of the below matter. Although, I received correspondence from John Glass dated August 25, 2016, I would like to point out that I did not reach out to SOS. Therefore, I request that Evenflo respond to this matter." Columbus and Evenflo admit Exhibit G purports to be a letter from Mark J.

Friedman to SWG Safety dated September 15, 2016. Columbus and Evenflo admit Exhibit G states: "I received your correspondence dated August 25, 2016. I request that you provide additional information regarding your relationship with Evenflo with respect to the Sensorsafe technology. For example, what type of agreement do you have with Evenflo regarding sales of this technology and do you still sell this product under the SOS name? Additionally, have you filed for Patent rights for this technology and what causes you to believe that there is no basis for considering my US Patents or filed Patent Application? As I didn't reach out to SOS in this matter, I am trying to understand why my correspondences with Evenflo have been responded to by SOS instead of Evenflo. Please contact me at the above address, telephone numbers, or email address. I look forward to hearing from you." To the extent paragraph 19 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.


20.     On September 20, 2016, Evenflo sent a reply email to Mark Friedman: "We passed along your initial correspondence to John Glass at SOS because Evenflo is a licensee of the technology from SOS. SOS is the appropriate party to respond to you." (See **Exhibit E**).

**ANSWER:**

Columbus and Evenflo admit Exhibit E purports to be an email chain containing a September 20, 2016 email from Tony Bruzzese of Evenflo to Mark Friedman, stating: "We passed along your initial correspondence to John Glass at SOS because Evenflo is a licensee of the technology from SOS. SOS is the appropriate party to respond to you. That said, Evenflo intends to do some internal research regarding your claims and will contact you if we determine Evenflo's involvement is needed to resolve this matter." To the extent paragraph 20 of the First

Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

21.     On February 27, 2017, John Glass sent a letter to Mark Friedman: "You would want to be aware [of] the patent publications of Tang [US 7,642,907], Devereaux [US 6,357,091], Patterson [US 2005/0280297], Conaway [US 6,002,325], Lehr [US 7,466,221], Quinonez [US 2003/0122662], Miner [US 2009/0079557], Yazdgerdi [US 2003/0160689], and Kraljic [US 6,922,154]…." (See **Exhibit H**).

**ANSWER:**

Columbus and Evenflo admit Exhibit H purports to be a letter dated February 27, 2017 from John Glass to Mark J. Friedman stating: "You would want to be aware the patent publications of Tang, Deveraux, Patterson, Conaway, Lehr, Quinonez, Miner, Yazdgerdi and Kraljic, listed below. Tang US 7,642,907 Devereaux US 6,357 091 Patterson US 2005/0280297 Conaway US 6,002,325 Lehr US 7,466,221 Quinonez US 2003/0122662 Miner US 2009/0079557 Yazdgerdi US 2003/0160689 Kraljic US 6,922,154." To the extent paragraph 21 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

14

22.     Consistent with his obligations to the United States Patent Office ("USPTO") – Mark Friedman submitted an Information Disclosure Statement ("IDS") in all subsequent USPTO prosecutions disclosing each of the foregoing references identified by John Glass.[1]

**ANSWER:**

Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the First Amended Complaint and therefore deny them.

23.     On February 12, 2019, Mark Friedman filed continuation Application No. 16/273,291 (the "'291 App") claiming priority to the original '227 App. The '291 App would later result in issuance of the Asserted '545 Patent on July 14, 2020. On the same day the '291 App was filed, Mark Friedman submitted an IDS disclosing the references identified by John Glass in his February 27, 2017 letter. (**Exhibit I**).

**ANSWER:**

Columbus and Evenflo admit USPTO records indicate that Application No. 16/273,291 was filed on February 12, 2019 and resulted in issued U.S. Patent No. 10,710,545. Columbus and Evenflo admit USPTO records indicate Application No. 12/703,227 is listed under "Related U.S. Application Data" of the issued '545 Patent. Columbus and Evenflo admit Exhibit I purports to be an Information Disclosure Statement and Electronic Acknowledgment Receipt and contains reference to the patent publications identified by John Glass in Exhibit H. To the extent paragraph 23 of the First Amended Complaint contains any additional allegations, Columbus and

---

[1] Notably, the Conway reference had already been disclosed to the USPTO via IDS on December 30, 2015.

Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

24. On June 6, 2019, the USPTO issued a Notice of Publication of the '227 App, with Publication No. US 2019/0168706 (the "'706 Publication"). (**Exhibit A-2**). The claims set forth in the '706 Publication are identical to the claims that would ultimately issue in the '545 Patent.

**ANSWER:**

Columbus and Evenflo answer that Exhibit A-2 is a printed U.S. Patent Publication and the claims of the '545 Patent speak for themselves.

25. On July 8, 2020, Mark Friedman filed continuation Application No. 16/946,833 (the "'833 App") claiming priority to the original '227 App. The '833 App would later result in issuance of the Asserted '352 Patent on April 4, 2023. On the same day the '833 App was filed, Mark Friedman submitted an IDS disclosing the references identified by John Glass in his February 27, 2017 letter. (**Exhibit J**).

**ANSWER:**

Columbus and Evenflo deny U.S. Patent Application No. 16/946,833 would later result in the issuance of the Asserted '352 Patent. Columbus and Evenflo admit Exhibit J purports to be an Information Disclosure Statement and Electronic Acknowledgment Receipt filed July 8, 2020 and contains reference to the patent publications of identified by John Glass in Exhibit H. To the extent paragraph 25 of the First Amended Complaint contains any additional allegations,

Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

26.     After the Asserted '545 Patent issued on July 14, 2020, counsel for Friedman IP sent a letter to John Glass on September 11, 2020. Therein, Friedman IP's counsel identified the earlier correspondence between Mark Friedman and John Glass, identified the newly issued Asserted '545 Patent, identified the IDS filings related thereto, and proposed to resume dialogue with John Glass/SWG as the "provider of the Sensorsafe technology." (See **Exhibit K**).

**<u>ANSWER</u>:**

Columbus and Evenflo admit Exhibit K purports to be a letter from Timothy J. Haller to John T. Glass dated September 11, 2020. Columbus and Evenflo admit Exhibit K states: "Our law firm represents Friedman IP Holdings, LLC ("Friedman IP") with respect to its ownership and exclusive rights to license the following United States Patents: … U.S. Patent No. 10,710,545 ("the '545 Patent")." Columbus and Evenflo admit Exhibit K further states: "We are aware that you previously engaged in correspondence with Mr. Mark J. Friedman on August 25, 2016 wherein you stated that "[your] company is the provider of the Sensorsafe technology…" Columbus and Evenflo admit Exhibit K further states: "We are writing to resume dialogue regarding the Friedman IP patent portfolio and discuss the potential for a mutually beneficial licensing arrangement." To the extent paragraph 26 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

27.     On October 9, 2020, John Glass responded: "We have reviewed Mr. Friedman's recently-issued patents and their claims. However, we have no interest in or need for the technology covered by his patents for a harness apparatus with retainer apparatus that include a braking mechanism." (**Exhibit L**).

**ANSWER:**

Columbus and Evenflo admit Exhibit L purports to be an email chain containing an October 9, 2020 email from John Glass to Kathy Dickman of Haller IP Law. Columbus and Evenflo admit Exhibit L states: "We have reviewed Mr. Friedman's recently-issued patents and their claims. However, we have no interest in or need for the technology covered by his patents for a harness apparatus with retainer apparatus that include a braking mechanism."

28.     On October 12, 2020, Friedman IP's counsel responded to John Glass with specific rebuttal to John Glass's contention regarding a "braking mechanism" and requested a conference. (**Id.**).

**ANSWER:**

Columbus and Evenflo admit Exhibit L purports to be an email chain containing an October 12, 2020 email from Kathy Dickman on behalf of Timothy Haller to John Glass. Columbus and Evenflo admit Exhibit L states: "I believe it would be beneficial to discuss this matter by phone to sort out any misunderstandings regarding the patented technology and/or your SensorSafe product. Our review revealed that your SensorSafe product is designed to attach to a harness strap and does include a 'braking mechanism.'"  To the extent paragraph 28 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack

knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

29.     On October 21, 2020, Friedman IP's counsel received an email from Dan Nesbitt, the patent prosecution counsel for Joseph Seibert/SWG. Nesbitt, the attorney of record for all known prosecution of the SWG Patents, stated that he represented Defendant SWG and requested a phone conference. (**Id.**).

**ANSWER:**

Columbus and Evenflo admit Exhibit L purports to be an email chain containing an October 21, 2020 email from Dan Nesbitt to Timothy Haller. To the extent paragraph 29 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

30.     On October 30, 2020, counsel for Friedman IP and SWG had a teleconference during which SWG's counsel identified Welch (US 2007/0229243) as alleged invalidating prior art to the Asserted '545 Patent. On November 2, 2020, Mark Friedman promptly submitted an IDS to the USPTO disclosing the Welch reference in the pending prosecution of the '833 App. (**Exhibit M**).

**ANSWER:**

Columbus and Evenflo admit Exhibit M purports to be an Information Disclosure Statement and Electronic Acknowledgment Receipt. Columbus and Evenflo admit Exhibit M

contains a reference to the patent publication 20070229243 to Welch. To the extent paragraph 30 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

31.     On December 10, 2020, after failed discussions regarding resolution (including John Glass's statement that he would only consider resolution for a value less than the cost to reexamine the Asserted '545 Patent), Nesbitt filed with the USPTO a request for reexamination of the Asserted '545 Patent based on the Welch reference.

**ANSWER:**

Columbus and Evenflo admit that USPTO records indicate that on December 10, 2020, Daniel F. Nesbitt filed a Request for *Ex Parte* Reexamination for U.S. Patent No. 10,710,545 that cited U.S. Patent Application Publication 2007/0229243 A1 to Welch. To the extent paragraph 31 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

32.     On February 4, 2021, the USPTO ordered reexamination of the Asserted '545 Patent. Notably, the USPTO did not order reexamination based on the Welch reference but, rather, based on the already cited and considered Lehr reference.

20

**ANSWER:**

      Columbus and Evenflo admit that USPTO records indicate that the USPTO issued an Order Granting Request for Ex Parte Reexamination for U.S. Patent No. 10,710,545. To the extent paragraph 32 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

      33.     On March 3, 2021, Nesbitt filed a Petition to the Director requesting the USPTO consider Welch during reexamination.

**ANSWER:**

      Columbus and Evenflo admit that USPTO records indicate that on March 3, 2021 Daniel F. Nesbitt filed a Petition to the Director Under 37 C.F.R. § 1.181. To the extent paragraph 33 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

      34.     On April 7, 2022, the USPTO granted the Petition and ordered that reexamination include consideration of the Welch reference.

**ANSWER:**

      Columbus and Evenflo admit that USPTO records indicate that on April 7, 2022 the Director of the CRU issued a Decision on Petition Under 37 C.F.R. § 1.181, granting the Petition. To the extent paragraph 34 of the First Amended Complaint contains any additional

allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

35.    On June 30, 2022, the USPTO issued a Notice of Publication of the '255 App, with Publication No. US 2022/0203926 (the "'926 Publication"). (**Exhibit B-2**). The claims set forth in the '926 Publication are substantially identical to the claims that would ultimately issue in the '352 Patent.

**ANSWER:**
Columbus and Evenflo answer that Exhibit B-2 is a printed U.S. Patent Publication and the claims of the '352 Patent speak for themselves.

36.    On January 24, 2023, the USPTO filed a Notice of Allowance in the prosecution of the Asserted '352 Patent.

**ANSWER:**
Columbus and Evenflo admit that USPTO records indicate that it mailed a Notice of Allowance and Fee(s) Due for Application No. 17/655,255 on January 24, 2023. To the extent paragraph 36 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

37.    On March 31, 2023, the USPTO issued an Order regarding reexamination of the Asserted '545 Patent. Specifically, the USPTO determined that Claim 20 was ***not*** invalid: "Thus,

the device of Welch '243 activates an alarm when the harness is clipped, which is the opposite of the claim requirement." The USPTO further noted that the examiner had already considered Lehr during prosecution of the Asserted '545 Patent and that "none of the sections of Lehr … appear to show the missing limitation of 'a sensor that includes an alarm and that is contained in at least one of the two retainer portions of a retainer configured to be slidably attached to respective harness straps of a car seat.'" The USPTO concluded that "Lehr does not raise [a substantial new question of patentability]."

**ANSWER:**

Columbus and Evenflo admit that USPTO records indicate that it issued an Office Action in the reexamination proceeding of '545 Patent on March 31, 2023. Columbus and Evenflo deny the U.S. Patent and Trademark Office determined that Claim 20 was not invalid. To the extent paragraph 37 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

38. On March 31, 2023, Mark Friedman held an interview with the examiner regarding the reexamination proceeding and the examiner confirmed that Claim 20 was not rejected despite a typographical error in the cover sheet. The examiner further confirmed "that it would be proper to cancel rejected independent claim 17 and not amend dependent claim 20. See MPEP 2260.01."

**ANSWER:**

Columbus and Evenflo admit that USPTO records indicate that on April 4, 2023 it issued an Ex Parte Reexamination Interview Summary stating that a telephonic interview was

conducted between Sara Clarke and Mark Friedman on March 31, 2023. To the extent paragraph 38 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

39.     On February 2, 2023, Mark Friedman filed continuation Application No. 18/105,068 (the "'068 App") claiming priority to the original '227 App. The '068 App would later result in issuance of the Asserted '667 Patent on August 29, 2023. On the same day the '068 App was filed, Mark Friedman submitted an IDS disclosing the references identified by John Glass in his February 27, 2017 letter. (**Exhibit N**).

**ANSWER:**

Columbus and Evenflo admit USPTO records indicate Application No. 18/105,068 was filed on February 2, 2023 and issued as U.S. Patent No. 11,738,667 B2. Columbus and Evenflo admit USPTO records indicate Application No. 12/703,227 is listed under "Related U.S. Application Data" of the issued '667 Patent. Columbus and Evenflo admit Exhibit N purports to be an Information Disclosure Statement and Electronic Acknowledgment Receipt filed February 2, 2023 and contains reference to the patent publications identified by John Glass in Exhibit H. To the extent paragraph 28 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

40.     On June 8, 2023, the USPTO issued a Notice of Publication of the '068 App, with Publication No. US 2023/0173958 (the "'958 Publication"). (**Exhibit C-2**). The claims set forth

in the '958 Publication are substantially identical to the claims that would ultimately issue in the '667 Patent.

**ANSWER:**

Columbus and Evenflo answer that Exhibit C-2 is a printed U.S. Patent Publication and the claims of the '667 Patent speak for themselves.

41.     On August 14, 2023, the USPTO issued a Reexamination Certificate. (**Exhibit A**, second to last page).

**ANSWER:**

Columbus and Evenflo admit that Exhibit A purports to be a copy of U.S. Patent No. 10,710,545 B2, which is titled "Locking Harness" and issued on July 14, 2020, and the accompanying Ex Parte Reexamination Certificate 10,710,545 C1, which issued August 14, 2023.

42.     On August 29, 2023, the USPTO issued the '667 Patent. (**Exhibit C**).

**ANSWER:**

Columbus and Evenflo admit that Exhibit C purports to be a copy of U.S. Patent No. 11,738,667 B2, which is titled "Locking Harness" and issued by the on August 29, 2023.

## THE ACCUSED PRODUCTS

43.     Defendants have infringed certain claims of the Asserted Patents through the manufacture, sale, offer for sale, importation, and/or use of the SensorSafe™ chest clip and/or

Defendants' products incorporating the SensorSafe™ chest clip (herein referred to as the "Accused Products").

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 43 of the First Amended Complaint.

44.     As presently advised, the Accused Products include the following specific models of the SensorSafe™ chest clip: SOSR1; SS2; SOSR2; SOSR3; and S3. (See **Exhibit O**, all publicly available exhibits submitted by SWG to the FCC for these devices are available as follows:

SOSR1 –

https://apps.fcc.gov/oetcf/eas/reports/ViewExhibitReport.cfm?mode=Exhibits&RequestTimeout=500&calledFromFrame=N&application_id=bKlBGJ9MEUr5OfGQscBFXg%3D%3D&fcc_id=2ABS2-SOSR1;

SS2 –

https://apps.fcc.gov/oetcf/eas/reports/ViewExhibitReport.cfm?mode=Exhibits&RequestTimeout=500&calledFromFrame=N&application_id=ksED35g3ZZLHwyQWGzZebA%3D%3D&fcc_id=2ABS2-SS2;

SOSR2 –

https://apps.fcc.gov/oetcf/eas/reports/ViewExhibitReport.cfm?mode=Exhibits&RequestTimeout=500&calledFromFrame=N&application_id=U2qIjPaSODdw7fnk2ceeeIg%3D%3D&fcc_id=2ABS2-SOSR2;

SOSR3 –

https://apps.fcc.gov/oetcf/eas/reports/ViewExhibitReport.cfm?mode=Exhibits&RequestTimeout=500&calledFromFrame=N&application_id=J2eSSzd%2BoDK5vyLqUUolWQ%3D%3D&fcc_id=2ABS2-SOSR3; and

S3 –

https://apps.fcc.gov/oetcf/eas/reports/ViewExhibitReport.cfm?mode=Exhibits&RequestTimeout=500&calledFromFrame=N&application_id=d9wJwSBqY1UEeg8Sq%2Bwpcg%3D%3D&fcc_id=2ABS2-S3).

**ANSWER:**

Columbus and Enfamil admit Exhibit O purports to contain the results of an Equipment Authorization Search of the FCC Office of Engineering and Technology for the Applicant Name "Seibert Williams Glass." Columbus and Enfamil admit Exhibit O purports to contain the OET Exhibit List for FCC ID 2ABS2-SOSR1, 2ABS2-SS2, 2ABS2-SOSR2, 2ABS2-SOSR3, and 2ABS2-S3. Columbus and Enfamil deny any assertion or suggestion that these products infringe claims of the Asserted Patents. To the extent paragraph 44 of the First Amended Complaint contains any additional allegations, Columbus and Enfamil lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

45.     The S3 model Accused Product is representative of the other models, all of which are believed to operate in identical or substantially similar manner in all respects relevant to the claims for infringement. The attached **Exhibit O** comprises information and documents available from the Federal Communications Commission ("FCC") regarding the Accused Products. The

FCC maintains documents for the S3 model Accused Product, including: External Photos, Internal Photos 01-03, and a User Manual. (Id. at Page 7 of 45).

**ANSWER:**

Columbus and Evenflo admit Exhibit O purports to contain the OET Exhibit List the 2ABS2-S3. Columbus and Evenflo deny that the S3 model is representative of all other models. To the extent paragraph 45 of the First Amended Complaint contains any additional allegations, Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of them and therefore deny them.

46.     The External Photos show the front and back of the S3 model Accused Product in a clipped position. As shown in the External Photos Front View, the S3 model Accused Product is a chest clip that comprises two portions (the left portion with the SensorSafe logo; and the right portion with a white sticker). Further, both portions of the chest clip are configured to be slidably attached to a harness strap of a car seat:



**(See Exhibit O, S3 (FCC ID 2ABS2-S3) External Photo).**

**ANSWER:**

Columbus and Evenflo admit Exhibit O purports to show the External Photos of the SensorSafe Chest Clip model number S3, including the "Front view". Columbus and Evenflo deny the remaining allegations set forth in paragraph 46 of the First Amended Complaint.

47.    As shown in the External Photos Rear View, the S3 model Accused Product comprises a magnetic rod in the first portion of the chest clip (left side) and a compartment in the second portion of the chest clip to house the battery and other electronic components (right side):



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) External Photo).



(Exploded view of previous External Photo annotated here to show magnetic rod).

**<u>ANSWER</u>:**

      Columbus and Evenflo admit Exhibit O purports to show the External Photos of the SensorSafe Chest Clip model number S3, including the "Rear view". Columbus and Evenflo deny the remaining allegations set forth in paragraph 47 of the First Amended Complaint.

48.     The Internal Photos show the back of the S3 model Accused Product and the internal components thereof. The Uncover View shows that the first portion of the chest clip with the magnetic rod (bottom side), the second portion with the compartment opened (top side), and the components from the compartment (battery and circuitry) removed:



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) Internal Photos 01).



(Exploded view of previous Internal Photo annotated here to show magnetic rod).

**ANSWER:**

Columbus and Evenflo admit Exhibit O purports to show the Internal Photos of the SensorSafe Chest Clip model number S3, including the "Uncover View". Columbus and Evenflo deny the remaining allegations set forth in paragraph 48 of the First Amended Complaint.

49.   The Main Board Rear View shows the circuitry with annotation (presumably by the FCC Applicant, SWG) indicating that the circuitry comprises at least an RF (radio frequency) Chip and a PCB (printed circuit board) Antenna:



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) Internal Photos 02).

**ANSWER:**

Columbus and Evenflo admit Exhibit O purports to show the Internal Photos of the SensorSafe Chest Clip model number S3, including the "Main Board Rear View". Columbus and Evenflo deny the remaining allegations set forth in paragraph 49 of the First Amended Complaint.

50.     As presently advised, the sole purpose of the RF Chip and PCB Antenna is for the S3 model Accused Product to communicate information to a remote location – including an alarm indicating that the chest clip has been unbuckled.

**ANSWER**:

Columbus and Evenflo deny the allegations set forth in paragraph 50 of the First Amended Complaint.

51.     The Installation Manual and User Guide ("User Manual") for the S3 model Accused Product provides further photos and descriptions of the operation of the SensorSafe chest clip:



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) User Manual, Cover).

**ANSWER:**

Columbus and Evenflo admit Exhibit O purports to show the "Installation Manual and User Guide" for SensorSafe Chest Clip model number S3. Columbus and Evenflo deny the remaining allegations set forth in paragraph 51 of the First Amended Complaint.

52.     The User Manual admits that the S3 model Accused Product is a "smart chest clip that uses Bluetooth® technology to connect to the SensorSafe mobile application, where caregivers can receive four types of safety alerts" including "Chest clip has become unbuckled":

> SensorSafe is a smart chest clip that uses Bluetooth® technology to connect to the SensorSafe mobile application, where caregivers can receive four types of safety alerts:
> - Vehicle interior temperature too hot or too cold
> - Chest clip has become unbuckled
> - Time to take a break (chest clip has been buckled for more than 2 hours)
> - Caregiver has moved away from a buckled chest clip (i.e., child is left in car)

(Id. at p. 2).

**ANSWER:**

Columbus and Evenflo admit Exhibit O states: "SensorSafe is a smart chest clip that uses Bluetooth® technology to connect to the SensorSafe mobile application, where caregivers can receive four types of safety alerts" and lists "Vehicle interior temperature too hot or too cold", "Chest clip has become unbuckled", "Time to take a break (chest clip has been buckled for more than 2 hours)", and "Caregiver has moved away from a buckled chest clip (i.e., child is left in car)." Columbus and Evenflo deny the remaining allegations of paragraph 52 of the First Amended Complaint to the extent Friedman asserts it alleges anything further.

53. The User Manual confirms that the S3 model Accused Product contains magnets – which, as presently advised, is the magnetic rod discussed above:

**USING SENSORSAFE**

⚠️ **WARNING!** DEATH OR SERIOUS INJURY CAN OCCUR

This product contains magnets. Before use, consult your family doctor about the compatibility of this product with pacemakers and similar devices.

(Id.).

**ANSWER:**

Columbus and Evenflo admit Exhibit O states, "This product contains magnets." Columbus and Evenflo deny the remaining allegations of paragraph 53 of the First Amended Complaint to the extent Friedman asserts it alleges anything further.


54. The User Manual advises users to take steps to "ensure alerts are audible and functioning as expected":

**Important:** After you connect to SensorSafe for the first time, familiarize yourself with each of the alerts before using it with a child in the seat. Confirm all mobile phone settings to ensure alerts are audible and functioning as expected.

(Id.).

**ANSWER:**

Columbus and Evenflo admit Exhibit O states, "Confirm all mobile phone settings to ensure alerts are audible and functioning as expected." Columbus and Evenflo deny the remaining allegations of paragraph 54 of the First Amended Complaint to the extent Friedman asserts it alleges anything further.

55. The User Manual shows the chest clip unbuckled, with the first portion comprising a magnetic rod and the first and second portions being removably attached to each other with a male/female connector:

- **Clip Only.** Choose this option if you unbuckle the chest clip and see the letters "S3" stamped on the tongue.



- **Clip & OBD Dongle.** Choose this option if the chest clip comes with an OBD vehicle dongle and has no letters stamped on the tongue.



(Id. at p. 5).



(Exploded view of previous User Manual Photo annotated here to show magnetic rod).

**ANSWER:**

Columbus and Evenflo admit Exhibit O shows two SensorSafe Products, "Clip Only" and "Clip & OBD Dongle." Columbus and Evenflo deny the remaining allegations set forth in paragraph 55 of the First Amended Complaint.

56.     The User Manual further provides that the user can "view whether the chest clip is buckled or unbuckled":

Once your chest clip is connected, you will be able to monitor its status on your SensorSafe home page. From there you can:

• view the temperature of the vehicle interior (as read by the chest clip), as well as an indicator of where the temperature falls within a safe range.

• view whether the chest clip is buckled or unbuckled.



(Id. at p. 6).

**ANSWER:**

Columbus and Evenflo admit Exhibit O states: "Once your chest clip is connected, you will be able to monitor its status on your SensorSafe home page. From there you can: … view whether the chest clip is buckled or unbuckled."  Columbus and Evenflo deny the remaining allegations of paragraph 56 of the First Amended Complaint to the extent Friedman asserts it alleges anything further.

57.     Under the heading "SENSORSAFE ALERTS," the User Manual instructs users to ensure alerts are "enabled" and "[h]ave sound volume on and disable "[d]o not disturb" to benefit from all alert types":

**SENSORSAFE ALERTS**

Helpful Tips:
- Ensure all mobile application permissions are always turned on and enabled: Bluetooth, location, notifications, critical alerts.
- Have sound volume on and disable "Do not disturb" to benefit from all alert types.
- If any alert does not function as you would expect it to, contact Parentlink using the information in the SensorSafe mobile app or URL/phone number in your child restraint user guide, as specific instructions may be available for your mobile phone model.

(Id. at p. 7).

**ANSWER:**

Columbus and Evenflo admit Exhibit O states under "Helpful Tips" under "SensorSafe Alerts" to "Ensure all mobile application permissions are always turned on and enabled: Bluetooth, location, notifications, critical alerts" and "Have sound volume on and disable "Do not disturb" to benefit from all alert types." Columbus and Evenflo deny the remaining allegations of paragraph 57 of the First Amended Complaint to the extent Friedman asserts it alleges anything further.

58.     Under the heading "SENSORSAFE ALERTS," the User Manual further admits that "SensorSafe will notify you each time the chest clip has been unbuckled":

**Clip Open**

SensorSafe will notify you each time the chest clip has been unbuckled. This is a one time notification and will not repeat.

~~Extended Time in Seat~~

(Id. at p. 8).

**ANSWER:**

Columbus and Evenflo admit Exhibit O states under "Clip Open" under "SensorSafe Alerts" that "SensorSafe will notify you each time the chest clip has been unbuckled. This is a

one time notification and will not repeat." Columbus and Evenflo deny the remaining allegations of paragraph 58 of the First Amended Complaint to the extent Friedman asserts it alleges anything further.

59.    In the section titled "REPLACING THE BATTERY," the User Manual confirms that the S3 model Accused Product is attached to the straps of a car seat and identifies the location of the circuit board in the "male side of the chest clip:"



**REPLACING THE BATTERY**

1.  Loosen the Harness by pressing the Harness Release Button on the front of the Child Restraint and pulling forward on both Harness Straps.

2.  Unbuckle Harness by pressing the button on the Crotch Buckle and pulling out both Buckle Tongues.

3.  Open Chest Clip by pressing the Release Button and pulling the Chest Clip apart.

4.  Turn the male side of the Chest Clip over and loosen the screw with a #0 x 2½" Phillips screwdriver. Remove cover with screw in place.

5. Remove Circuit Board from Chest Clip. Remove Battery from Circuit Board.



6. Replace Battery with new CR2032 (Panasonic® or Energizer®) Lithium button cell Battery, as shown.



7. Place the Circuit Board with the new Battery in the Chest Clip with the battery facing up. Replace the Cover and tighten the screw. This completes the battery replacement process.



If you have questions, please contact Parentlink using the information in the SensorSafe mobile app or URL/phone number in your child restraint user guide.

(Id. at pp. 9-10).

**<u>ANSWER</u>:**

Columbus and Evenflo admit Exhibit O states the following under "Replacing the Battery": "1. Loosen the Harness by pressing the Harness Release Button on the front of the Child Restraint and pulling forward on both Harness Straps"; "2. Unbuckle Harness by pressing the button on the Crotch Buckle and pulling out both Buckle Tongues"; "3. Open Chest Clip by pressing the Release Button and pulling the Chest Clip apart"; "4. Turn the male side of the Chest Clip over and loosen the screw with a #0 x 2½" Phillips screwdriver. Remove cover with screw in place."; "5. Remove Circuit Board from Chest Clip. Remove Battery from Circuit Board"; "6. Remove Circuit Board from Chest Clip. Remove Battery from Circuit Board" and "7. Place the Circuit Board with the new Battery in the Chest Clip with the battery facing up. Replace the Cover and tighten the screw. This completes the battery replacement process." Columbus and Evenflo deny the remaining allegations of paragraph 59 of the First Amended Complaint to the extent Friedman asserts it alleges anything further.

60.     The "Circuit Board" referenced in the User Manual corresponds to the "Main Board" shown in the FCC Internal Photos titled "Uncover View" and "Main Board Rear View" (presumably annotated by the FCC Applicant, SWG):



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) Internal Photos 01).



(See **Exhibit O**, S3 (FCC ID 2ABS2-S3) Internal Photos 02).

**<u>ANSWER</u>:**

Columbus and Evenflo admit Exhibit O purports to show the Internal Photos of the SensorSafe Chest Clip model number S3, including the "Uncover View" and "Main Board Rear

View." Columbus and Evenflo deny the remaining allegations set forth in paragraph 60 of the First Amended Complaint.

61.    Thus, as presently advised, the S3 model Accused Product includes a sensor (comprised of the circuitry and magnetic rod), which detects the motion that occurs when the first portion of the chest clip is disconnected from the second portion of the chest clip, and which further activates an alarm to alert a user of the movement (via the RF Chip and PCB Antenna).

**ANSWER:**
Columbus and Evenflo deny the allegations set forth in paragraph 61 of the First Amended Complaint.

62.    As presently advised, all Accused Products operate in identical or substantially similar manner with respect to the claims of infringement asserted herein.

**ANSWER:**
Columbus and Evenflo deny the allegations set forth in paragraph 62 of the First Amended Complaint.

63.    As presently advised, the Accused Products further include the following models of car seat that include a SensorSafe™ chest clip and are offered by Defendant Cybex: Cloud Q with SensorSafe; Aton M with SensorSafe; Aton 2 with SensorSafe; Sirona S with SensorSafe; and Eternis S with SensorSafe. See https://www.cybex-online.com/en/us/sensorsafe-safetykit_us.html. The Accused Products include any other Cybex model car seat (whether sold in the past, at present, or in the future) that include the SensorSafe™ chest clip.

**ANSWER:**

Columbus admits the Cloud Q with SensorSafe, Aton M with SensorSafe, Aton 2 with SensorSafe, Sirona S with SensorSafe, and Eternis S with SensorSafe are models of car seats that are offered or have been offered for sale include a SensorSafe™ chest clip. Columbus and Evenflo deny the remaining allegations of paragraph 63 of the First Amended Complaint to the extent Friedman asserts it alleges anything further.


64.    As presently advised, the Accused Products further include the following models of car seat that include a SensorSafe™ chest clip and are offered by Defendant Evenflo: Revolve360 Slim 2-in-1 Rotational Car Seat with SensorSafe (Item ## 36812451, 36812450, and 36812449); Revolve360 Extend All-in-One Rotational Car Seat with SensorSafe (Item ## 38412312, 38412310, 38412311, and 38412337); Shyft Travel System with SecureMax Infant Car Seat Incl SensorSafe (Item ## 53212312, 53212311, 53212310, and 53212337); Pivot Xpand Travel System with SecureMax Infant Car Seat Incl SensorSafe (Item ## 53112312, 53112310, 53112311, 53112336, and 53112337); All4One All-in-One Convertible Car Seat with SensorSafe (Item ## 39312409, 39312408, and 39312440); All4One DLX All-in-One Convertible Car Seat with SensorSafe (Item ## 39312234, 39312442COM, 39312240, and 39312441COM); Shyft Travel System with SecureMax Infant Car Seat Incl SensorSafe (Item # 53212336); and Evenflo Gold SensorSafe Pivot Xpand Smart Modular Travel System with SecureMax Infant Car Seat (Item ## 30412312, 30412336, 30412311, 30412310, and 30412337).                                                                 See https://www.evenflo.com/search?type=product%2Cpage%2Carticle&q=sensorsafe. The Accused Products include any other Evenflo model car seat (whether sold in the past, at present, or in the future) that include the SensorSafe™ chest clip.

**ANSWER:**

Evenflo admits the Revolve360 Slim 2-in-1 Rotational Car Seat with SensorSafe, Revolve360 Extend All-in-One Rotational Car Seat with SensorSafe, Shyft Travel System with SecureMax Infant Car Seat Incl SensorSafe, Pivot Xpand Travel System with SecureMax Infant Car Seat Incl SensorSafe, All4One All-in-One Convertible Car Seat with SensorSafe, All4One DLX All-in-One Convertible Car Seat with SensorSafe, Shyft Travel System with SecureMax Infant Car Seat Incl SensorSafe models of car seats include or included a SensorSafe™ chest clip. Columbus and Evenflo deny the remaining allegations of paragraph 64 of the First Amended Complaint to the extent Friedman asserts it alleges anything further.

65.     The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that satisfy each limitation of, and therefore infringe, any asserted claim of the Asserted Patents.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 65 of the First Amended Complaint.

66.     After adequate discovery, Friedman IP may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Asserted Patents.

**ANSWER:**

To the extent paragraph 66 of the First Amended Complaint implicates legal conclusions, no response is required. To the extent a response in required, Columbus and Evenflo deny the allegations in paragraph 66 of the First Amended Complaint.

## INFRINGEMENT BY DEFENDANTS

## COUNT I: INFRINGEMENT OF UNITED STATES PATENT NO. 10,710,545

67.    Plaintiff Friedman IP realleges and incorporates by reference paragraphs 1 through 66, inclusive, as though fully set forth herein.

**ANSWER:**

Columbus and Evenflo incorporate their responses to paragraphs 1 through 66 of the First Amended Complaint as if fully set forth herein.

68.    Defendants directly infringe at least independent (reexamined) Claim 20 of the Asserted '545 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 68 of the First Amended Complaint.

## REEXAMINED CLAIM 20

69.    The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a retainer apparatus in accordance with the limitations of Claim 20 of the Asserted '545 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 69 of the First Amended Complaint.

70.    Specifically, the Accused Products comprise:

a. a first retainer portion configured to be slidably attached to a first adjustable harness strap of a car seat (see, *e.g.*, ¶ 46, *supra*);

b. a second retainer portion configured to be slidably attached to a second adjustable harness strap of the car seat, wherein the first retainer portion is removably attached to said second retainer portion (see, *e.g.*, ¶ 46, *supra*);

c. a sensor comprising a motion detector and an alarm, wherein said motion detector is configured to detect movement of said retainer apparatus, wherein said motion detector is configured to activate said alarm to alert a user in said vehicle if said movement of said retainer apparatus is detected, and wherein said sensor is contained within at least one of said first retainer portion and said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*); and

d. wherein said movement comprises said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 52, 56, and 58, *supra*).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 70 of the First Amended Complaint.

71.    To the extent required by law, Friedman IP has complied with the provisions of 35 U.S.C. § 287.

**ANSWER:**

Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the First Amended Complaint and therefore deny them.

72.    As presently advised, Defendants had notice of the Asserted '545 Patent and the likelihood of infringement thereof at least as early as its issuance on July 14, 2020.  As presently advised, Defendants also had notice of the Published claims of the '545 Patent on June 6, 2019, which claims did not change through subsequent issuance (permitting Plaintiff to seek damages for provisional rights).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 72 of the First Amended Complaint.

73.    Defendant's infringement as described above, either literally or under the doctrine of equivalents, has injured Friedman IP and Friedman IP is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 73 of the First Amended Complaint.

74.     To the extent that Defendant SWG no longer makes, has made, sells, offers for sale, imports, and/or uses the Accused Products, SWG indirectly infringes the apparatus claims of the Asserted '545 Patent by inducing Defendants Evenflo and Cybex to infringe with knowledge of the Asserted '545 Patent and the likelihood of infringement by the Accused Products.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 74 of the First Amended Complaint.

75.     Defendants willfully infringed and continue to infringe the claims of the Asserted '545 Patent, as evidenced by, *inter alia*, Defendants' conduct – specifically, Mr. Glass's communications and reexamination efforts of the Asserted '545 Patent. Plaintiff intends to seek prompt discovery regarding Defendants' knowledge of the Asserted Patents (including communications with third parties).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 75 of the First Amended Complaint.

### COUNT II: INFRINGEMENT OF UNITED STATES PATENT NO. 11,618,352

76.     Plaintiff Friedman IP realleges and incorporates by reference paragraphs 1 through 66, inclusive, as though fully set forth herein.

**ANSWER:**

Columbus and Evenflo incorporate their responses to paragraphs 1 through 66 of the First

Amended Complaint as if fully set forth herein.

77.     Defendants directly infringe at least independent Claims 1 and 17 of the Asserted

'352 Patent and indirectly infringe at least independent Claim 19 of the Asserted '352 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 77 of the First Amended

Complaint.

## CLAIM 1

78.     The Accused Products, as manufactured, sold, offered for sale, advertised,

imported, shipped, distributed, and/or used by Defendants, comprise a retainer apparatus in

accordance with the limitations of Claim 1 of the Asserted '352 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 78 of the First Amended

Complaint.

79.     Specifically, the Accused Products comprise:

a. a first retainer portion configured to be slidably attached to a first

adjustable harness strap of a car seat (see, *e.g.*, ¶ 46, *supra*);

b. a second retainer portion configured to be slidably attached to a second

adjustable harness strap of the car seat, wherein said first retainer portion is

directly and removably attached to said second retainer portion (see, *e.g.*, ¶ 46, *supra*);

c. a wireless transceiver physically contained within at least one of said first retainer portion and said second retainer portion (see, *e.g.*, ¶¶ 48-49 and 59-61, *supra*); and

d. a sensor physically contained within at least one of said first retainer portion and said second retainer portion, wherein said sensor is configured to detect said first retainer portion being disconnected from said second retainer portion, and generate a warning signal indicating said first retainer portion being disconnected from said second retainer portion, and wherein said wireless transceiver is configured to wirelessly transmit said warning signal to a controller in a vehicle to activate an audible warning alert to warn a user in said vehicle of said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 79 of the First Amended Complaint.

80.    As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 2-16 of the Asserted '352 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 80 of the First Amended Complaint.

## **CLAIM 17**

81.     The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a retainer apparatus in accordance with the limitations of Claim 17 of the Asserted '352 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 81 of the First Amended Complaint.

82.     Specifically, the Accused Products comprise:

a. a first retainer portion removably attached to a second retainer portion, wherein said first retainer portion is configured to be slidably attached to a first adjustable harness strap of a car seat, and wherein said second retainer portion is configured to be slidably attached to a second adjustable harness strap of the car seat (see, *e.g.*, ¶ 46, *supra*)

b. a wireless transceiver physically contained within at least one of said first retainer portion and said second retainer portion (see, *e.g.*, ¶¶ 48-49 and 59-61, *supra*); and

c. a sensor physically contained within at least one of said first retainer portion and said second retainer portion, wherein said sensor is configured to detect said first retainer portion being disconnected from said second retainer portion and generate a warning signal indicating said first retainer portion being disconnected from said second retainer portion, wherein said wireless transceiver is configured to wirelessly transmit said warning signal to a controller in a vehicle

to activate an audible warning alert to warn a user in said vehicle of said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 82 of the First Amended Complaint.

83. As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claim 18 of the Asserted '352 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 83 of the First Amended Complaint.

## CLAIM 19

84. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a method in accordance with the limitations of Claim 19 of the Asserted '352 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 84 of the First Amended Complaint.

85.     Specifically, the Accused Products comprise:

a. removably attaching a first retainer portion, slidably attached to a first adjustable harness strap of a car seat, to a second retainer portion slidably attached to a second adjustable harness strap of the car seat, wherein said first retainer portion and said second retainer portion are comprised by a retainer apparatus (see, *e.g.*, ¶ 46, *supra*);

b. detecting, by a sensor physically contained within at least one of said first retainer portion and said second retainer portion, said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*);

c. generating, by said sensor, a warning signal indicating said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*); and

d. wirelessly transmitting, by a wireless transceiver physically contained within a surface of at least one of said first retainer portion and said second retainer portion, said warning signal to a controller in a vehicle to activate an audible warning alert to warn a user in said vehicle of said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 85 of the First Amended Complaint.

86.     To the extent required by law, Friedman IP has complied with the provisions of 35 U.S.C. § 287.

**ANSWER:**

Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the First Amended Complaint and therefore deny them.

87.    As presently advised, Defendants had notice of the Asserted '352 Patent and the likelihood of infringement thereof at least as early as its issuance on April 4, 2023. As presently advised, Defendants also had notice of the Published claims of the '352 Patent on June 30, 2022, which includes claims that did not change substantially through subsequent issuance (permitting Plaintiff to seek damages for provisional rights). In any event, Defendants had notice of the Asserted '352 Patent at least as early as the filing of this action on August 29, 2023.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 87 of the First Amended Complaint.

88.    Defendants    indirectly    infringed    (through    inducement    and    contributory infringement), and continue to infringe, Claim 19 of the Asserted '352 Patent by: (a) inducing third parties to follow the steps of the method set forth in Claim 19 with specific instructions for use of the SensorSafe™ chest clip and car seats incorporating the same (see Ex. O User Manual); and (b) making (and/or having made), selling, offering to sell, and/or importing the SensorSafe™ chest clip, which is designed by its ordinary operation to infringe Claim 19 of the '352 Patent (id.).

54

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 88 of the First Amended Complaint.

89.     Defendant's direct and indirect infringement as described above, either literally or under the doctrine of equivalents, has injured Friedman IP and Friedman IP is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 89 of the First Amended Complaint.

90.     To the extent that Defendant SWG no longer makes, has made, sells, offers for sale, imports, and/or uses the Accused Products, SWG indirectly infringes the apparatus claims of the Asserted '352 Patent by inducing Defendants Evenflo and Cybex to infringe with knowledge of the '352 Patent and the likelihood of infringement by the Accused Products.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 90 of the First Amended Complaint.

91.     Defendants willfully infringed and continue to infringe the claims of the Asserted '352 Patent, as evidenced by, *inter alia*, Defendants' conduct – specifically, Mr. Glass's communications and reexamination efforts of the Asserted '545 Patent. Plaintiff intends to seek

prompt discovery regarding Defendants' knowledge of the Asserted Patents (including communications with third parties).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 91 of the First Amended Complaint.

## COUNT III: INFRINGEMENT OF UNITED STATES PATENT NO. 11,738,667

92.     Plaintiff Friedman IP realleges and incorporates by reference paragraphs 1 through 66, inclusive, as though fully set forth herein.

**ANSWER:**

Columbus and Evenflo incorporate their responses to paragraphs 1 through 66 of the First Amended Complaint as if fully set forth herein.

93.     Defendants directly infringe at least independent Claims 1 and 16 of the Asserted '667 Patent and indirectly infringe at least independent Claim 20 of the Asserted '667 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 93 of the First Amended Complaint.

## CLAIM 1

94.     The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a retainer apparatus in accordance with the limitations of Claim 1 of the Asserted '667 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 94 of the First Amended Complaint.

95.    Specifically, the Accused Products comprise:

a. a first retainer portion configured to be slidably attached to a first adjustable harness strap of a car seat (see, *e.g.*, ¶ 46, *supra*);

b. a second retainer portion configured to be slidably attached to a second adjustable harness strap of the car seat, wherein said first retainer portion is directly and removably attached to said second retainer portion (see, *e.g.*, ¶ 46, *supra*);

c. a wireless transceiver physically contained within at least one of said first retainer portion and said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*); and

d. a sensor comprising a first sensor portion physically contained within said first retainer portion and a second sensor portion physically contained within said second retainer portion, wherein said sensor is configured to detect said first retainer portion being disconnected from said second retainer portion and generate a warning signal indicating said first retainer portion being disconnected from said second retainer portion, and wherein said wireless transceiver is configured to wirelessly transmit said warning signal to a controller in a vehicle to activate an audible warning alert to warn a user in said vehicle of said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 95 of the First Amended Complaint.

96.     As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 2, and 5-15 of the Asserted '667 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 96 of the First Amended Complaint.

## CLAIM 16

97.     The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a retainer apparatus in accordance with the limitations of Claim 16 of the Asserted '667 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 97 of the First Amended Complaint.

98.     Specifically, the Accused Products comprise:

a. a first retainer portion removably attached to a second retainer portion, wherein said first retainer portion is configured to be slidably attached to a first adjustable harness strap of a car seat, and wherein said second retainer portion is

configured to be slidably attached to a second adjustable harness strap of the car seat (see, *e.g.*, ¶ 46, *supra*);

b. a wireless transceiver contained within at least one of said first retainer portion and said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*); and

c. a sensor comprising a first sensor portion physically contained within said first retainer portion and a second sensor portion physically contained within said second retainer portion, wherein said sensor is configured to detect said first retainer portion being disconnected from said second retainer portion and generate a warning signal indicating said first retainer portion being disconnected from said second retainer portion, wherein said wireless transceiver is configured to wirelessly transmit said warning signal to a controller in a vehicle to activate an audible warning alert to warn a user in said vehicle of said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 98 of the First Amended Complaint.

99.     As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent Claims 17-19 of the Asserted '667 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 99 of the First Amended Complaint.

## CLAIM 20

100. The Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a method in accordance with the limitations of Claim 20 of the Asserted '667 Patent.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 100 of the First Amended Complaint.

101. Specifically, the Accused Products comprise:

a. removably attaching a first retainer portion, slidably attached to a first adjustable harness strap of a car seat, to a second retainer portion slidably attached to a second adjustable harness strap of the car seat, wherein said first retainer portion and said second retainer portion are comprised by a retainer apparatus (see, *e.g.*, ¶ 46, *supra*);

b. detecting, by a sensor comprising a first sensor portion physically contained within said first retainer portion and a second sensor portion physically contained within said second retainer portion, said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*);

c. generating, by said sensor, a warning signal indicating said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*); and

d. wirelessly transmitting, by a wireless transceiver within a surface of at least one of said first retainer portion and said second retainer portion, said warning signal to a controller in a vehicle to activate an audible warning alert to warn a user in said vehicle of said first retainer portion being disconnected from said second retainer portion (see, *e.g.*, ¶¶ 47-61, *supra*).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 101 of the First Amended Complaint.

102.    To the extent required by law, Friedman IP has complied with the provisions of 35 U.S.C. § 287.

**ANSWER:**

Columbus and Evenflo lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the First Amended Complaint and therefore deny them.

103.    Defendants received notice of the Asserted '667 Patent and the likelihood of infringement thereof as the filing of this suit on August 29, 2023. As presently advised, Defendants also had notice of the Published claims of the '667 Patent on June 8, 2023, which includes claims

that did not change substantially through subsequent issuance (permitting Plaintiff to seek damages for provisional rights).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 103 of the First Amended Complaint.

104. Defendants indirectly infringed (through inducement and contributory infringement), and continue to infringe, Claim 20 of the Asserted '667 Patent by: (a) inducing third parties to follow the steps of the method set forth in Claim 20 with specific instructions for use of the SensorSafe™ chest clip and car seats incorporating the same (see Ex. O User Manual); and (b) making (and/or having made), selling, offering to sell, and/or importing the SensorSafe™ chest clip, which is designed by its ordinary operation to infringe Claim 20 of the '667 Patent (id.).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 104 of the First Amended Complaint.

105. Defendants' direct and indirect infringement as described above, either literally or under the doctrine of equivalents, has injured Friedman IP and Friedman IP is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 105 of the First Amended Complaint.

106. To the extent that Defendant SWG no longer makes, has made, sells, offers for sale, imports, and/or uses the Accused Products, SWG indirectly infringes the apparatus claims of the Asserted '667 Patent by inducing Defendants Evenflo and Cybex to infringe with knowledge of the '667 Patent and the likelihood of infringement by the Accused Products.

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 106 of the First Amended Complaint.

107. Defendants willfully infringed and continue to infringe the claims of the Asserted '667 Patent, as evidenced by, *inter alia*, Defendants' conduct – specifically, Mr. Glass's communications and reexamination efforts of the Asserted '545 Patent. Plaintiff intends to seek prompt discovery regarding Defendants' knowledge of the Asserted Patents (including communications with third parties).

**ANSWER:**

Columbus and Evenflo deny the allegations of paragraph 107 of the First Amended Complaint.

108.     Columbus and Evenflo deny each and every remaining allegation not expressly admitted herein, including but not limited to any allegation contained in any demand or prayer for relief.

## AFFIRMATIVE AND OTHER DEFENSES

Without prejudice to the denials set forth in this Answer, Columbus and Evenflo further respond to the First Amended Complaint with the defenses set forth below. Columbus and Evenflo expressly reserve the right to supplement this Answer, including the right to assert additional defenses, as more information is learned through discovery and further factual investigation in this case. Columbus and Evenflo do not intend to hereby assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff bears the burden of proof.

### First Affirmative Defense (Failure to State a Claim)

1.     Plaintiff's claim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Patent Invalidity)

2.     The '545 patent is invalid for failure to satisfy and comply with the requirements of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103. 112 and/or 116 and Title 37 of the Code of Federal Regulations.

3.     The '352 patent is invalid for failure to satisfy and comply with the requirements of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103. 112 and/or 116 and Title 37 of the Code of Federal Regulations.

4.     The '667 patent is invalid for failure to satisfy and comply with the requirements of the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103. 112 and/or 116 and Title 37 of the Code of Federal Regulations.

### Third Affirmative Defense (Patent Noninfringement)

5.     Columbus and Evenflo do not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '545 Patent either literally, or under the doctrine of equivalents.

6.     Columbus and Evenflo do not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '352 Patent either literally, or under the doctrine of equivalents.

7.     Columbus and Evenflo do not infringe and has not infringed, either directly, contributorily, or by inducement, any valid and enforceable claim of the '667 Patent either literally, or under the doctrine of equivalents.

### Fourth Affirmative Defense (Notice, Damages, and Costs)

8.     Plaintiff's claims for damages, if any, against Columbus and Evenflo are statutorily limited by 35 U.S.C. §§ 286, 287 and 288.

## COUNTERCLAIMS

Defendant Columbus Trading-Partners USA Inc. ("Columbus") and Evenflo Company, Inc. ("Evenflo") bring the following Counterclaims against Plaintiff Friedman IP Holdings, LLC ("Friedman" and "Counterclaim Defendant") and state as follows:

## THE PARTIES

1.      Columbus Trading-Partners USA Inc. is a Delaware corporation with its principal place of business at 560 Harrison Ave, Boston, Massachusetts, 02118.

2.      Evenflo Company, Inc. is a Delaware corporation with its principal place of business at 225 Byers Road, Miamisburg, Ohio 45342.

3.      On information and belief, based on its pleadings in this action, Friedman IP Holdings, LLC is a New York limited liability company with its principal place of business at 2220 Alton Street, Niskayuna, New York 12309.

## JURISDICTION AND VENUE

4.      Friedman IP Holdings brought suit in this District against Columbus Trading-Partners USA Inc. and Evenflo Company, Inc. alleging patent infringement of U.S. Patent No. 10,710,545 ("the '545 Patent"), U.S. Patent No. 11,618,352 ("the '352 Patent"), and U.S. Patent No. 11,738,667 ("the '667 Patent"). This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201-02. An actual controversy exists between Friedman and Columbus and Evenflo regarding the non-infringement and invalidity of the '545 Patent, the '352 Patent, and the '667 Patent.

5.      Friedman has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its First Amended Complaint.

6.      By virtue of its filing this action, Friedman also has consented that venue is permissible in this District pursuant to at least 28 U.S.C. §§ 1391(c) and 1400. By asserting these counterclaims, Columbus nor Evenflo waive, and instead expressly preserve, any objection to venue with respect to the First Amended Complaint in this action.

**COUNT ONE**

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF**

**U.S. PATENT NO. 10,710,545**

7.      Columbus and Evenflo restate and incorporate by reference the allegations in paragraphs 1-6 of their Counterclaims as if fully rewritten herein.

8.      An actual case or controversy exists between Columbus and Friedman in addition to Evenflo and Friedman regarding the alleged infringement of the '545 Patent.

9.      Columbus and Evenflo have not infringed and do not infringe any claim of the '545 Patent under any theory of infringement. One or more limitations required by each claim is missing from the products made, used, sold, offered for sale and/or imported by Columbus and Evenflo.

10.     A judicial declaration is necessary and appropriate so that Columbus and Evenflo may ascertain their rights regarding the '545 Patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Columbus and Evenflo request a declaration by the Court that they have not infringed, and do not infringe, any valid and enforceable claim of the '545 Patent.

## COUNT TWO

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 10,710,545

11.     Columbus and Evenflo restate and incorporate by reference the allegations in paragraphs 1-6 of their Counterclaims as if fully rewritten herein.

12.     An actual case or controversy exists between Columbus and Friedman in addition to Evenflo and Friedman as to whether the claims of the '545 Patent are valid.

13.     The claims of the '545 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. Sections 100 et seq. including §§ 101, 102, 103, and/or 112.

14.     A judicial declaration is necessary and appropriate so that Columbus and Evenflo may ascertain their rights as to whether the claims of the '545 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Title 35 of the United States Code, Columbus and Evenflo requests a declaration by the Court that the claims of the '545 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, and/or 112.

## COUNT THREE

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF

## U.S. PATENT NO. 11,618,352

15.     Columbus and Evenflo restate and incorporate by reference the allegations in paragraphs 1-6 of their Counterclaims as if fully rewritten herein.

16.     An actual case or controversy exists between Columbus and Friedman in addition to Evenflo and Friedman regarding the alleged infringement of the '352 Patent.

17.     Columbus and Evenflo have not infringed and do not infringe any claim of the '352 Patent under any theory of infringement. One or more limitations required by each claim is missing from the products made, used, sold, offered for sale and/or imported by Columbus and Evenflo.

18.     A judicial declaration is necessary and appropriate so that Columbus and Evenflo may ascertain their rights regarding the '352 Patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Columbus and Evenflo request a declaration by the Court that they have not infringed, and do not infringe, any valid and enforceable claim of the '352 Patent.

## COUNT FOUR

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,618,352

19.     Columbus and Evenflo restate and incorporate by reference the allegations in paragraphs 1-6 of their Counterclaims as if fully rewritten herein.

20.     An actual case or controversy exists between Columbus and Friedman in addition to Evenflo and Friedman as to whether the claims of the '352 Patent are valid.

21.     The claims of the '352 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. Sections 100 et seq. including §§ 101, 102, 103, and/or 112.

22.     A judicial declaration is necessary and appropriate so that Columbus and Evenflo may ascertain their rights as to whether the claims of the '352 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Title 35 of the United States Code, Columbus and Evenflo requests a declaration by the Court that the claims of the '352 Patent are

invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, and/or 112.

## COUNT FIVE

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF

## U.S. PATENT NO. 11,738,667

23.     Columbus and Evenflo restate and incorporate by reference the allegations in paragraphs 1-6 of their Counterclaims as if fully rewritten herein.

24.     An actual case or controversy exists between Columbus and Friedman in addition to Evenflo and Friedman regarding the alleged infringement of the '667 Patent.

25.     Columbus and Evenflo have not infringed and do not infringe any claim of the '667 Patent under any theory of infringement. One or more limitations required by each claim is missing from the products made, used, sold, offered for sale and/or imported by Columbus and Evenflo.

26.     A judicial declaration is necessary and appropriate so that Columbus and Evenflo may ascertain their rights regarding the '667 Patent. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Columbus and Evenflo request a declaration by the Court that they have not infringed, and do not infringe, any valid and enforceable claim of the '667 Patent.

## COUNT SIX

## DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 11,738,667

27.    Columbus and Evenflo restate and incorporate by reference the allegations in paragraphs 1-6 of their Counterclaims as if fully rewritten herein.

28.    An actual case or controversy exists between Columbus and Friedman in addition to Evenflo and Friedman as to whether the claims of the '667 Patent are valid.

29.    The claims of the '667 Patent are invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. Sections 100 et seq. including §§ 101, 102, 103, and/or 112.

30.    A judicial declaration is necessary and appropriate so that Columbus and Evenflo may ascertain their rights as to whether the claims of the '667 Patent are valid. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Title 35 of the United States Code, Columbus and Evenflo requests a declaration by the Court that the claims of the '667 Patent are invalid for failing to satisfy the conditions for patentability specified in 35 U.S.C. § 101 et seq., including, without limitation, §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

For these reasons, Defendants pray for the following relief:

a.    a declaration that Columbus and Evenflo have not infringed any valid claims of the '545 patent under any theory of infringement;

b.    a declaration that the claims of the '545 patent are invalid;

c.    a declaration that Columbus and Evenflo have not infringed any valid claims of the '352 patent under any theory of infringement;

d.    a declaration that the claims of the '352 patent are invalid;

71

e.     a declaration that Columbus and Evenflo have not infringed any valid claims of the '667 patent under any theory of infringement;

f.     a declaration that the claims of the '667 patent are invalid;

g.     a declaration that this case is exceptional and an award to Columbus and Evenflo of their reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

h.     such other and further relief as this Court may deem as just and proper.


Date:   January 26, 2024              /s/ *Timothy R. Bricker*
                                      Timothy R. Bricker (0061872) (Trial Attorney)
                                      Gregory Dick (0097816)
                                      **CARPENTER LIPPS & LELAND LLP**
                                      280 Plaza, Suite 1300
                                      280 North High Street
                                      Columbus, Ohio 43215
                                      Telephone:  614-365-4100
                                      Email:  bricker@carpenterlipps.com
                                              dick@carpenterlipps.com

                                      Frank A. Angileri (admitted *pro hac vice*)
                                      John P. Rondini (admitted *pro hac vice*)
                                      Francesca M. Cusumano (admitted *pro hac vice*)
                                      **BROOKS KUSHMAN P.C.**
                                      150 W. Second St., Suite 400N
                                      Royal Oak, MI  48067-3846
                                      Telephone: (248) 358-4400
                                      Email:  fangileri@brookskushman.com
                                              jrondini@brookskushman.com
                                              fcusumano@brookskushman.com

                                      *Attorneys for Defendants, Columbus Trading*
                                      *Partners USA Inc. (d/b/a Cybex) and*
                                      *Evenflo Company, Inc.*

## JURY DEMAND

Columbus and Evenflo request a trial by jury of the maximum number of jurors allowable by law on all issues so triable.

Date:  January 26, 2024        /s/ *Timothy R. Bricker*
                                          Timothy R. Bricker (0061872) (Trial Attorney)
                                          Gregory Dick (0097816)
                                          **CARPENTER LIPPS & LELAND LLP**
                                          280 Plaza, Suite 1300
                                          280 North High Street
                                          Columbus, Ohio 43215
                                          Telephone:  614-365-4100
                                          Email:  bricker@carpenterlipps.com
                                                   dick@carpenterlipps.com

                                          Frank A. Angileri (admitted *pro hac vice*)
                                          John P. Rondini (admitted *pro hac vice*)
                                          Francesca M. Cusumano (admitted *pro hac vice*)
                                          **BROOKS KUSHMAN P.C.**
                                          150 W. Second St., Suite 400N
                                          Royal Oak, MI  48067-3846
                                          Telephone: (248) 358-4400
                                          Email: fangileri@brookskushman.com
                                                   jrondini@brookskushman.com
                                                   fcusumano@brookskushman.com

                                          *Attorneys for Defendants, Columbus Trading*
                                          *Partners USA Inc. (d/b/a Cybex) and*
                                          *Evenflo Company, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that a copy of the foregoing was filed electronically on January 26, 2024.  Notice was sent by operation of the Court's electronic filing system to all other counsel who have entered an appearance and any parties who have entered an appearance through counsel.  The parties may access this filing through the Court's ECF system.

/s/ *Timothy R. Bricker*
*Trial Attorneys for Defendants, Columbus Trading*
*Partners USA Inc. (d/b/a Cybex) and*
*Evenflo Company, Inc.*